IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: POTASH ANTITRUST LITIGATION (No. II) | ) | Case No. 08-CV-6910 |
| THIS DOCUMENT APPLIES TO: | ) ) | MDL No. 1996 |
| ALL ACTIONS (Case Nos. 08-CV-5162 (D. Minn.); 08-CV-5192 (N.D. Ill.); 08-CV-5253 (N.D. Ill.); 08-CV-5255 (N.D. Ill.); 08-CV-5257 (N.D. Ill.); 08-CV-5635 (N.D. Ill.); 08-CV-6438 (N.D. Ill.); 08-CV-6481 (N.D. Ill.) | ) ) ) ) ) ) | Judge Ruben Castillo Magistrate Judge Nan R. Nolan |

### DEFENDANT BPC CHICAGO, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTIONS TO DISMISS PLAINTIFFS' COMPLAINTS

Defendant BPC Chicago, LLC ("BPC Chicago") respectfully submits this memorandum of law in support of its motions to dismiss the Direct and Indirect Purchasers' Amended Consolidated Class Action Complaints (collectively, the "Complaints"). BPC Chicago joins in the memoranda submitted on behalf of all of the served defendants supporting dismissal of both Complaints. This memorandum sets forth an additional, and independent, reason why the Complaints fail to state a claim as to BPC Chicago, namely, that neither Complaint alleges *any conduct whatsoever* by BPC Chicago in furtherance of the claimed conspiracy. Indeed, aside from alleging its place of business, its owners, and that it sells potash, the Complaints are silent as to BPC Chicago. Thus, even if the Court sustains the Complaints as to the other defendants -- and it should not, for the reasons set forth in the joint memoranda -- the Court must dismiss the Complaints as to BPC Chicago.

### ALLEGATIONS REGARDING BPC CHICAGO

The Complaints' allegations as to BPC Chicago are limited to a summary of its corporate formalities and a description of its line of business. Both the direct and indirect purchaser

plaintiffs allege that BPC Chicago is a "limited liability company with its headquarters in Buffalo Grove, Illinois," that it is a wholly-owned subsidiary of JSC Belarusian Potash Company ("BPC Minsk"), another named defendant based in Belarus, and that it "sold" and "distributed" potash in the United States" during the class period. Direct Purchasers' Amended Consolidated Class Action Complaint ("Dir. Purch. Am. Compl.") ¶ 27; Indirect Purchasers' Amended Consolidated Class Action Complaint ("Indir. Purch. Am. Compl.") ¶ 23.[1]

The Complaints are devoid of a single additional factual allegation directly involving BPC Chicago.

## ARGUMENT

### The Complaints Are Devoid of Facts Linking BPC Chicago to the Alleged Antitrust Conspiracy

Especially after *Twombly* and *Iqbal*, there can be no question that a complaint that fails to allege *any conduct* linking a particular defendant to an alleged antitrust conspiracy must be dismissed. To survive a motion to dismiss, a complaint must allege facts regarding "circumstances, occurrences, and events in support of the claim presented." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949-50 (2009). Only then does "a claimant . . . satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also [the] 'grounds'

---

[1] The cited paragraphs from the two Complaints contain the only allegations Plaintiffs offer specific to BPC Chicago. In their entirety, these paragraphs state:
  1. "Defendant BPC Chicago LLC is an Illinois limited liability company with its headquarters in Buffalo Grove, Illinois. Formed around 2007, BPC Chicago L.L.C. is a wholly-owned operating subsidiary of Belarusian Potash Company. During the Class Period, BPC Chicago L.L.C. sold and distributed potash in the United States, directly or through its affiliates." Dir. Purch. Am. Compl. ¶ 27.
  2. "BPC Chicago L.L.C. is a limited liability company with its headquarters in Buffalo Grove, Illinois. BPC Chicago L.L.C. is a wholly-owned operating subsidiary of Belarusian Potash Company. During the Class Period, BPC Chicago L.L.C. marketed, sold, and distributed potash throughout the United States." Indir. Purch. Am. Compl. ¶ 23.

on which the claim rests." *Twombly*, 550 U.S. at 555 n.3 (internal citations omitted).[2] In the antitrust context "a fuller set of factual allegations may be necessary to show that relief is plausible." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Complaints' allegations against BPC Chicago provide the company with no notice whatsoever of the basis for the claim that *it* participated in a price-fixing conspiracy—*e.g.*, meetings it attended, actions it took—let alone that any such alleged participation was plausible. Accordingly, the Complaints must be dismissed as to BPC Chicago. *See, e.g., Siemer v. Quizno's Franchise Co. LLC*, No. 07-C-2170, 2008 WL 904874, at *9, 11 (N.D. Ill. Mar. 31, 2008) (dismissing complaint that failed to set forth *any* "grounds for belief" that defendant had engaged in conduct violating the antitrust laws). Moreover, courts routinely dismiss complaints that "lump[] all the defendants together" with "no specific allegations as to what each defendant did." *In re Air Cargo Shipping Services Antitrust Litigation*, No. MD 06-1775, 2008 WL 5958061, at *11 (E.D.N.Y. Sept. 26, 2008).[3]

---

[2] *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Siemer v. Quizno's Franchise Co. LLC*, No. 07-C-2170, 2008 WL 904874, at *9 (N.D. Ill. Mar. 31, 2008); *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 963 (N.D. Ill. 2007); *Justice v. Town of Cicero*, No. 06-C-1108, 2007 WL 2973851, at *7 (N.D. Ill. Oct. 10, 2007).

[3] *See also, e.g., In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (affirming dismissal of antitrust claims where the allegations were "in entirely general terms without any specification of any particular activities by any particular defendant"); *Hinds County v. Wachovia Bank, N.A.*, No. 08-Civ.-2516, 08-MDL-1950, 2009 WL 1204345 (S.D.N.Y. Apr. 29, 2009) (holding that involvement in the industry accused of antitrust violations and being named as a defendant are insufficient to state a Sherman Act claim); *Arista Records LLC v. Lime Group LLC*, 532 F. Supp. 2d 556, 577-79 (S.D.N.Y. 2007) (dismissing Sherman Act § 1 claims where "pleading 'furnishes no clue as to which of the [thirteen counter-defendants] . . . supposedly agreed, or when and where the illicit agreement took place'" (*quoting Twombly*) (alteration in original)); *In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 956, 962 (N.D. Cal. 2007) (dismissing complaint where plaintiffs' "substantive allegations refer[red] to the defendants in collective terms and [did] not advance individualized allegations about particular defendants"); *In re Travel Agent Comm'n Antitrust Litig.*, No. 1:03-CV-30000, 2007 WL 3171675, at *4 (N.D. Ohio Oct. 29, 2007) (holding three references to defendant airline, KLM, in the complaint, each incorporated into an allegation that KLM was represented at particular trade association meetings, insufficient to support an allegation of parallel conduct).

3

Adequate defendant-specific claims are required even where defendants are purportedly affiliated with or related to other defendants. In *In re Vitamin C Antitrust Litigation,* 584 F. Supp. 2d 546, 560 (E.D.N.Y. 2008), the court dismissed cartel and price-fixing claims against the U.S. subsidiaries of Chinese vitamin manufacturers where the only allegations against the subsidiaries were that (i) they were affiliated with the Chinese defendants, and (ii) the direct purchaser class representative had purchased vitamin C products from them. Similarly, in *Mastafa v. Australian Wheat Board,* No. 07 Civ. 7955, 2008 WL 4378443, at *1, 5 (S.D.N.Y. Sept. 25, 2008), where victims of the Saddam Hussein regime sued the Australian Wheat Board and its New York subsidiary, the court dismissed the claims against the U.S. subsidiary ("AWB USA"), holding that "general allegations of AWB USA's role in the alleged acts are insufficient under *Twombly*" because there was "no indication that . . . any of the relevant conduct by the AWB entities was undertaken by the New York subsidiary rather than the Australian parent." *Id.* at *5.

## CONCLUSION

Plaintiffs' allegations against BPC Chicago suggest, at most, that BPC Chicago (i) is a wholly-owned U.S. subsidiary of BPC Minsk, (ii) is located in Buffalo Grove, Illinois, and (iii) sells potash in the United States. These allegations fall well short of that required to state a Section 1 Sherman Act claim. Consequently, in addition to the grounds for dismissal set forth in the joint memoranda, plaintiffs' claims against BPC Chicago should be dismissed for this reason alone.

Respectfully submitted

Dated: June 15, 2009
Chicago, Illinois

BPC Chicago, LLC

By: /s/ Paul Olszowka
    One of its attorneys

4

Michael L. McCluggage
Paul Olszowka (Reg. No. 6291267)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 201-2000
(312) 201-2555 – Facsimile
mccluggage@wildman.com
olszowka@wildman.com

M. Elaine Johnston
Robert A. Milne
Jack E. Pace III
John D. Rue
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200
(212) 354-8113 – Facsimile
mejohnston@whitecase.com
rmilne@whitecase.com
jpace@whitecase.com
jrue@whitecase.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for BPC Chicago, LLC, hereby certifies that on June 15, 2009 I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Motions to Dismiss Plaintiffs' Complaints** to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Service List.

    JSC International Potash Co.
    Pozharsky Lane, 12, kv. 64
    119034 Moscow
    Russia

    JSC Silvinit
    Perm Region
    Ul Mira 14
    Solikamsk
    Russia
    618500

    RUE PA Belaruskali
    Korzh 5
    Soligorsk
    223710
    Republic of Belarus

    RUE PA Belarusian Potash, Co.
    Melnikaite, 2, app. 1904
    220004 Minsk
    Belarus

    JSC Uralkali
    ul. Pyatiletka, d. 63
    Berezniki
    Perm Territory
    Russia
    618426

                                                        /s/ Paul Olszowka