IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: POTASH ANTITRUST LITIGATION (No. II) | MDL Docket No. 1996 (Civil Action No. 1:08-cv-6910) |
| THIS DOCUMENT APPLIES TO: ALL INDIRECT PURCHASER ACTIONS | Judge Ruben Castillo |

**ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This cause having come on for preliminary approval of a settlement agreement between Plaintiffs and certain Defendants, and the Court having considered the Motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement, the pleadings and other papers filed in this action, and the statements of counsel and the parties, hereby makes the following findings:

WHEREAS, a consolidated class action is pending before the Court entitled *IN RE: POTASH ANTITRUST LITIGATION (No. II), MDL Docket No. 1996 (Civil Action No. 1:08-cv-6910)* and includes the separate Indirect Purchaser Plaintiffs' complaints, actions, and claims as: *Gillespie v. Agrium Inc., et. al.*, Case No. 1:08-cv-5253 (filed September 15, 2008 and assigned to this Court); *Tilman v. Agrium Inc., et.al.*, 1:08-cv-5255 (N.D.Ill.), *Feyh Farm Co. et. al. v. Agrium Inc., et.al.*, Case No. 1:08-cv-5257 (N.D.Ill.); and *Kraft Chem. Co. v. Agrium Inc., et.al.*, Case No. 1:08-cv-5635 (N.D.Ill.), which were consolidated on the parties' motion on October 14, 2008, and made part of the Amended Consolidated Class Action Complaint;

WHEREAS, the Court has received the Indirect Purchaser Settlement Agreement dated as of September 20, 2012 (the "Settlement Agreement"), that has been entered into by Plaintiffs and Defendants JSC Uralkali and JSC Silvinit ("Settling Defendants");

WHEREAS, the Court has before it a motion for certification of a settlement class, for appointment of Lead Counsel for the settlement class, for preliminary approval of a proposed settlement between Plaintiffs and Settling Defendants, and for approval of the form of notice to the Settlement Class.

**ORDERED, ADJUDGED AND DECREED:**

Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over Lead Plaintiffs, all Class Members and Settling Defendants.

3. The Court finds, subject to final determination following a hearing on notice to potential class members, that the proposed settlement with JSC Uralkali and JSC Silvinit set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that notice of the settlement should be provided to the Settlement Class (defined in paragraph 4 of this Order) and a hearing should be held as provided in paragraph 17 of this Order.

Class Certification

4. For purposes of the settlement, the Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> all persons or entities who purchased Potash or products which contain Potash, for end use, indirectly from one of the Defendants in the United States during July 1, 2003 through the present and in

the following states: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming. The Class excludes Defendants, and their parents, subsidiaries, affiliates, officers, directors, and employees and any co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

5. Potash products refers to all forms of mineral and chemical salts that contain potassium (chemical symbol K), and a multitude of other elements in various combinations derived from mining naturally occurring ore deposits, including but not limited to, potassium chloride (KCl or muriate of potash (MOP)), potassium-magnesium sulfate ($K_2SO_4 \cdot MgSO_4$ or sulfate of potash magnesia (SOPM)), carbonate of potash ($K_2CO_3$), or mixed sodium-potassium nitrate ($NaNO_3 + KNO_3$ or Chilean saltpeter). Potash also includes manufactured potash known as potassium sulfate ($K_2SO_4$ or sulfate of potash (SOP)) or potassium nitrate ($KNO_3$ or saltpeter).

6. Subject to final approval of the settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action under Rule 23 are satisfied in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiffs and Lead Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other

members of the Settlement Class. The Court also finds settlement of this action on a class action basis superior to other means of resolving this matter. The Court appoints Marvin A. Miller of Miller Law LLC and Christopher Lovell of Lovell Stewart Halebian & Jacobson LLP as Lead Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. The Court hereby appoints Kevin Gillespie, Gordon Tillman, Feyh Farms Company, William H. Coaker, Jr. and David Baier to serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

7. The Court approves the Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice"), and finds that the publication of the Notice substantially in the manner and form complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

8. The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

9. As provided in the Settlement Agreement, Plaintiffs do not need to disseminate notice of the proposed settlement at this time but shall present to the Court a notice plan at such time as provided in paragraph 18 of the Settlement Agreement.

10. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

11. The Settlement Fund shall be a trust under Illinois law and, to the extent it is held at a financial institution designated by Lead Counsel or the Administrator, it shall be established as a fiduciary account and administered in accordance with the provisions of paragraph 16 of the Settlement Agreement. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Lead Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for payment of taxes, notice costs, and related expenses.

12. All further indirect purchaser class proceedings as to the Settling Defendants and Releasees are hereby stayed, except for any actions required to effectuate the Settlement Agreement, or matters related to the Settlement Fund, including applications for attorneys' fees, reimbursement of expenses, and incentive awards to Class Representatives.

13. Plaintiffs and Settlement Class members are hereby preliminarily enjoined, pending final approval of the settlement, from commencing or proceeding with any action against JSC Uralkali and JSC Silvinit or any of the Releasees that includes allegations or claims on account, or arising out of, relating to, or based on conduct alleged or asserted in this Action.

14. If the Settlement Agreement is not approved by the Court, or is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the

Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, JSC Uralkali and JSC Silvinit, Releasees and the members of the Settlement Class.

Dated: 12/11/12

Ruben Castillo, U.S.D.J.