**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: POTASH ANTITRUST LITIGATION | MDL Docket No. 1996<br>No. 08-C-6910 |
| *THIS DOCUMENT APPLIES TO:*<br>*ALL INDIRECT PURCHASER ACTIONS* | Judge Ruben Castillo |

**INDIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT WITH AGRIUM, INC.,
AGRIUM U.S., INC., THE MOSAIC COMPANY (n/k/a MOS HOLDINGS INC.),
MOSAIC CROP NUTRITION, LLC, POTASH CORPORATION OF
SASKATCHEWAN, INC., AND PCS SALES (USA), INC.**

Indirect Purchaser Class Plaintiffs, pursuant to Federal Rule of Civil Procedure 23(c) and (e) move for the entry of an Order in the form attached hereto preliminarily approving a proposed settlement with Agrium, Inc., Agrium U.S., Inc., The Mosaic Company (n/k/a MOS Holdings Inc.), Mosaic Crop Nutrition, LLC, Potash Corporation of Saskatchewan, Inc., and PCS Sales (USA), Inc., (collectively, the "Settling Defendants"). In support of this Motion, Indirect Purchaser Plaintiffs rely upon and incorporate by reference herein the facts and legal arguments set forth in the accompanying Memorandum of Law. Attached hereto are the following Exhibits in support of this Motion and referenced in the Memorandum of Law:

Exhibit A-Settlement Agreement dated January 30, 2013

Exhibit B-Proposed Order Granting Certification of a Settlement Class And Preliminary Approval Of Class Action Settlement

Exhibit C-Proposed Final Order and Judgment of Class Action

**INTRODUCTION**

1.     Indirect Purchaser Plaintiffs have reached a settlement agreement with the Settling Defendants pursuant to which the Settling Defendants collectively shall pay $17,500,000 in order to settle the claims of the Class hereinafter described.  There shall be no reversion of any of the settlement monies to Defendants regardless of how many class members opt out or fail to submit proofs of claim, and the shares of any class members who do opt out or fail to claim will be redistributed among those Settlement Class members who do claim.  This settlement will be presented to Class Members at which time they will be informed that they have the right to opt out of the Class.  Finally, there is no right of rescission in favor of Defendants.

2.   As is set forth below, in Class Counsel's judgment, the foregoing settlement terms represent a reasonable and fair settlement of the Class's claims herein in light of the risks of continued litigation which include but are not limited to the following: (a) the Settling Defendants' pending motion to dismiss the complaint; (b) the pending petition for *certiorari* before the United States Supreme Court; (c) the success or failure of the Indirect Purchaser Plaintiffs' anticipated class motion; and (e) all the other risks attendant to litigation of this complexity.

The settlement was reached during mediation with former Judge Magistrate Morton Denlow thereby entitling it to a presumption of fairness and no collusion. *See In re Sturm, Ruger & Co., Inc. Securities Litig.*, 2012 WL 3589610, * 4 (D. Conn. Aug. 20, 2012).

## BACKGROUND OF THE LITIGATION

3.      This multidistrict litigation arises from an alleged conspiracy to fix the prices of potash products.  The first Indirect Purchaser case was filed in this district on September 15, 2008.  All cases were filed in this district and therefore not subject to transfer pursuant to the Order of the Judicial Panel on Multidistrict Litigation which coordinated here the first filed and subsequently filed direct purchaser cases.  The Indirect Purchaser Plaintiffs' cases were all filed in this District and consolidated in this Court.

4.      On December 4, 2008, this Court appointed undersigned counsel to serve as Interim Co-Lead Counsel for the Indirect Purchaser Class Plaintiffs ("Plaintiffs")[1].  Since that time, counsel has represented the interests of the class of Indirect Purchasers, including responding to the motions to dismiss, submission of a brief in the Seventh Circuit Court of Appeals after this Court granted Defendants' §1292 certified question, participation in the *en banc* proceedings and in negotiations with Settling Defendants.  Co-Lead Counsel also engaged in numerous discovery meet and confers and motion practice with Settling Defendants which required intervention and orders entered by the Court.

5.      This Court granted Plaintiffs leave to file a Corrected Second Amended Complaint by which Plaintiffs sought to cure the defects which this Court perceived when it granted Defendants' Motion to Dismiss the original consolidated complaint.  As stated in their pending motion to dismiss, the Settling Defendants believe that the same defects that caused the Court to dismiss the original Complaint remain such that the Corrected Second Amended Complaint should be dismissed.

---

[1] Pursuant to this Court's order dated December 11, 2012 [Dkt. 472], which granted preliminary approval of the settlement with Uralkali, Marvin A. Miller and Christopher Lovell were appointed Co-Lead Counsel.

6.     The parties have briefed the Settling Defendants' Motion to Dismiss and the motion is *sub judice*.

7.      The agreement was reached by the parties approximately eight months after the Seventh Circuit Court of Appeals affirmed this Court's decision on the Defendants' motion to dismiss.

8.     Also, Defendants' petition for *certiorari* to the Supreme Court is pending.  Given the risks that the Foreign Trade Antitrust Improvement Act may bar Plaintiffs' claims and, even if it does not bar such claims, the further risk to the claims posed by the Defendants' pending motion to dismiss, the settlement provides substantial benefits to the Settlement Class.  The settlement was vigorously negotiated at arms' length and with the assistance of former Magistrate Judge Morton Denlow.  It provides for a substantial cash payment of $17,500,000 to the Settlement Class.  Class Counsel successfully negotiated that there will be no reversion to the Settling Defendants of any portion of such monies.  Together with the prior settlement with foreign Defendants, the gross all cash settlement benefit to the Settlement Class is $20,250,000.

9.     The Agreement is binding on the proposed settlement class of Indirect Purchaser Plaintiffs, other than those class members who elect to timely exclude themselves from the Settlement Class defined as:

> All persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 through January 30, 2013.  The Class excludes Defendants, and their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees.  Also excluded, are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

10.     Because the members of the Indirect Purchaser Class are so numerous and geographically dispersed, as approved by this Court's Order [Dkt. 472] which granted approval

of the Settlement with the Foreign Defendants, notice by publication would be appropriate and the best notice practicable under the circumstances of this case since it will provide the broadest coverage to members of the Class.

11.     Within fourteen (14) days of this Court's entry of an order preliminarily approving the proposed settlement, Indirect Purchaser Plaintiffs will reconcile and harmonize the notice to be disseminated to the Class with that previously approved by this Court's Order [Dkt.472] and will submit such Notice to the Court for approval.

12.     At the same time, Indirect Purchaser Plaintiffs will also submit to the Court for approval a Plan of Allocation for payment to the members of the Class who properly and timely file a proof of claim.

13.     The Settling Defendants consent to this motion and to the entry of the proposed order.

Dated: January 30, 2013                    Respectfully submitted,

                                           Indirect Purchaser Plaintiffs

                                           By:    _s/ Marvin A. Miller_
                                           Marvin A. Miller
                                           MILLER LAW LLC
                                           115 S. LaSalle Street
                                           Suite 2910
                                           Chicago, IL  60603
                                           (312) 332-3400

                                           _s/ Christopher Lovell_
                                           Christopher Lovell
                                           LOVELL STEWART HALEBIAN
                                           JACOBSON LLP
                                           61 Broadway
                                           Suite 501
                                           New York, NY
                                           (212) 608-1900

                                           *Interim Co-Lead Counsel for Indirect Purchaser
                                           Plaintiffs*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Marvin A. Miller, an attorney, hereby certify that on January 30, 2013, I caused a true and correct copy of the foregoing **INDIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH AGRIUM, INC., AGRIUM U.S., INC., THE MOSAIC COMPANY (N/K/A MOS HOLDINGS INC.), MOSAIC CROP NUTRITION, LLC, POTASH CORPORATION OF SASKATCHEWAN, INC., AND PCS SALES (USA), INC.**, to be filed and served electronically via the court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/   *Marvin  A.  Miller*
Marvin A. Miller
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
(312) 332-3400

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| | ) | |
| IN RE POTASH ANTITRUST | ) | MDL Dkt. No. 1996 |
| LITIGATION (II) | ) | |
| ------------------------------------------------- | ) | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL | ) | |
| INDIRECT PURCHASER ACTIONS | ) | **Hon. Ruben Castillo** |
| | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of the 30th day of January, 2013 ("Execution Date") by and among the Agrium Defendants (defined herein), the Mosaic Defendants (defined herein), the PCS Defendants (defined herein) (the Agrium Defendants, Mosaic Defendants, and PCS Defendants are collectively referred to herein as the "Settling Defendants") and the Class Plaintiffs (defined herein) in the above-captioned action, a multidistrict consolidated class action, and each action brought individually and/or on behalf of indirect purchasers of Potash (for end use and not for resale) consolidated therein, including, without limitation, the actions set forth on **Exhibit A** hereto (collectively, the "Actions").

WHEREAS, the Class Plaintiffs have alleged that the Settling Defendants participated in a conspiracy with other producers and suppliers of Potash (collectively the "Defendants") to raise, fix, maintain, or stabilize the price of Potash at artificially high levels in violation of the antitrust laws of the United States, certain States' antitrust, consumer protection, and unfair competition laws, and certain common law doctrines;

WHEREAS, the Settling Defendants deny the allegations in Class Plaintiffs' complaints, have asserted affirmative defenses against the claims alleged in the Actions, and deny any liability whatsoever;

WHEREAS, Class Plaintiffs, on behalf of themselves and the Class Members, and the Settling Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations in the Actions;

1

WHEREAS, arm's-length settlement negotiations have taken place between Class Plaintiffs' Co-Lead Counsel and the Settling Defendants and their counsel, and this Settlement Agreement, including its exhibits, embodies all of the terms and conditions of the settlement between the Settling Defendants and Class Plaintiffs, both individually and on behalf of the Class Members, and has been reached as a result of the parties' negotiations, subject to approval of the Court as provided herein;

WHEREAS, Class Plaintiffs' Co-Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including the claims asserted in the complaints filed in the Actions, the legal and factual defenses thereto and the applicable law, that it would be in the best interests of the Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class and, further, that Class Plaintiffs' Co-Lead Counsel consider the settlement set forth herein to be fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, the Settling Defendants have agreed to enter into this Settlement Agreement in order to avoid the expenses, risk, and burden of further litigation, to obtain the releases, orders, and judgment contemplated by this Settlement Agreement, and to put to rest with finality all claims that have been or could have been asserted against the Settling Defendants based on the allegations in Class Plaintiffs' complaints;

NOW, THEREFORE, in consideration of the agreements herein set forth, it is agreed by and among the undersigned that the claims of the Class Plaintiffs and the Class Members be settled, compromised, and dismissed on the merits and with prejudice as to the Settling Defendants and all other Released Parties and, except as hereafter provided, without costs against the Class or the Settling Defendants, subject to the approval of the Court, on the following terms and conditions:

1.     Definitions

The following terms, as used in this Settlement Agreement, have the following meanings:

a.     "*Actions*" means the indirect purchaser antitrust class actions consolidated under the caption *In re Potash Antitrust Litigation (II)*, Case No. 1:08-CV-6910, currently pending in the United States District Court for the Northern District of Illinois, including but not limited to those set forth on **Exhibit A** hereto.

b.     "*Agrium Defendants*" means Agrium Inc. and Agrium U.S., Inc.

c.     "*Class*" means all persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 30, 2013.  The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees.  Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families."

d.     "*Class Counsel*" means both (i) Class Plaintiffs' Co-Lead Counsel and (ii) those attorneys or law firms retained as counsel for any named plaintiff in the Actions.

e.     "*Class Member*" or "*Class Members*" mean, individually or collectively, members of the Class who do not timely and validly request exclusion from the Class in accordance with paragraph 6 hereof.

f.     "*Class Plaintiffs*" means R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kiebenstein).

g.   "*Class Plaintiffs' Co-Lead Counsel*" means the law firms of Miller Law LLC, 115 South LaSalle Street, Suite 2910, Chicago, Illinois  60603; and Lovell Stewart Halebian Jacobson LLP, 61 West Broadway, Suite 501, New York, NY  10006.

h.   "*Court*" means the United States District Court for the Northern District of Illinois where the Actions are pending.

i.   "*Defendant*" means any person or entity named as a defendant in the Actions.

j.   "*Effective Date*" means the date on which Final Approval has been obtained in the Actions.

k.   "*Escrow Account*" means the account to be established by Class Plaintiffs' Co-Lead Counsel for receipt of the Settlement Amount to be paid by the Settling Defendants pursuant to this Settlement Agreement.

l.   "*Escrow Agent*" means the escrow agent responsible for administering the Escrow Account.

m.  "*Execution Date*" means the date first appearing above.

n.   "*Final Approval*" means the first date upon which each of the following three conditions shall have been satisfied:

   i.   This settlement has been approved in all respects by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

   ii.  Entry has been made, as provided in paragraph 5 hereof, of the final judgment of dismissal in the form of **Exhibit B** hereto; and

   iii. Either (a) the time to appeal, or to seek permission to appeal, the Court's approval of the settlement as described in (i) hereof and entry of final judgment as described in (ii) hereof has expired with no appeal having been taken or permission to appeal having been sought; or (b) such approval and final judgment have been affirmed in their entirety by the court of last resort to which any appeal has been taken or petition for review has been presented and such affirmance has become no longer

subject to the possibility of further appeal or review. It is agreed that in determining the times for appeal, further appeal, or review, the provisions of Fed. R. Civ. P. 60 and of the All Writs Act, 28 U.S.C. § 1651, shall not be taken into account.

o. *"Mosaic Defendants"* means The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC.

p. "*Notice Costs*" means the fees and costs necessary to provide notice of the settlement to Class Members.

q. *"PCS Defendants"* means Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc.

r. "*Potash*" has the meaning set forth in paragraphs 64 and 65 of the Corrected Second Amended Consolidated Class Action Complaint, filed December 5, 2012 (Dkt. 459), specifically "Potash refers to mineral and chemical salts that contain potassium (chemical symbol K), and a multitude of other elements in various combinations. Potash is mined from naturally occurring ore deposits that were formed when seas and oceans have dried. Many of these potash deposits are covered with several hundred feet of earth. Potash is principally used as an agricultural fertilizer because it is a source of water soluable potassium, which is one of three primary plant nutrients required for plant growth and maturation. Farmers, gardeners, and anyone who uses fertilizers throughout the world use large amounts of potash for root production, to help crops fight disease and enhance crop yields"; and "Minerals composing potash, that are naturally occuring include potassium chloride (KCl or muriate of potash (MOP)), potassium-magnesium sulfate (K2SO4-MgSO4 or sulfate of potash magnesia (SOPM)), carbonate of potash (K2CO3), or mixed-sodium-potassium nitrate (NaNO3+KNO3 or Chilean saltpeter). Potash can also include man-made compounds. Manufactured potash is one of the following: potassium sulfate (K2SO4 or sulfate of potash (SOP) or potassium nitrate (KNO3 or saltpeter))."

s. "*Released Claims*" shall have the meaning set forth in paragraphs 14 and 15 hereof.

t. "*Released Parties*" means the Agrium Defendants, the Mosaic Defendants, the PCS Defendants, and Canpotex Ltd.; the present and former direct and indirect parents, subsidiaries, divisions, affiliates, or associates (as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934) of any of the above; the present and former officers, directors, employees, agents, attorneys, insurers, servants, representatives, stockholders, and partners of any of the above entities (with respect to any conduct of any of the above entities); and the predecessors, heirs, executors, administrators, successors, and assigns of any of the above persons or entities.

u. "*Releasing Parties*" means the Class Plaintiffs and the Class Members, as well as each of their past and present officers, directors, agents, employees, stockholders, attorneys, servants, representatives, trustees, parents, subsidiaries, affiliates, partners, insurers, heirs, executors, administrators, purchasers, predecessors, successors, and assigns.

v. "*Settlement Agreement*" means this Agreement by and between the Settling Defendants and Class Plaintiffs, both individually and on behalf of the Class Members.

w. "*Settlement Amount*" means seventeen million five hundred thousand US Dollars ($17,500,000.00 USD).

x. "*Settlement Fund*" means the dollar amount of the Settlement Amount plus any interest earned thereon after payment thereof by the Settling Defendants into the Escrow Account.

2. <u>Reasonable Best Efforts to Effectuate this Settlement.</u>  On the Execution Date, Class Plaintiffs and Settling Defendants shall be bound by the terms of this Settlement Agreement, and it shall not be rescinded except in accordance with paragraphs 4(a), 6(d), 8(e) and 16 of this Settlement Agreement.  Class Plaintiffs Co-Lead Counsel agree to recommend approval of this Settlement Agreement by the Court and by Class Members.  Class Counsel and counsel for the Settling Defendants agree to undertake their reasonable best efforts, including all

steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may become necessary by order of the Court or otherwise, to carry out the terms of this Settlement Agreement, including but not limited to opposing any appeal of an order or judgment approving this Settlement Agreement that may be filed in the Actions.

3. <u>Motion for Preliminary Approval.</u>  On January 30, 2013, Class Plaintiffs shall submit to the Court, in a form mutually agreed upon by counsel for the Settling Defendants and Class Plaintiffs' Co-Lead Counsel, a motion for preliminary approval of the settlement and final judgment contemplated by this Settlement Agreement and for a stay of all proceedings in the Actions (except as otherwise set forth herein) against the Settling Defendants until the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters the final judgment (the "Motion").  The Motion shall include:  (a) the proposed form of order and final judgment attached as **Exhibit B** hereto, and (b) the proposed form of order preliminarily approving this Settlement Agreement attached as **Exhibit C** hereto.

4. <u>Notice to Class and Claims Administration.</u>  In the event that the Court preliminarily approves the settlement, Class Plaintiffs' Co-Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Order, provide each Class Member who can be identified by reasonable means with notice by first class mail of the settlement and the date of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of the proposed settlement (the "Settlement Hearing").  The form and content of the foregoing notice shall be agreed to by Class Plaintiffs' Co-Lead Counsel and counsel for the Settling Defendants.  Notice shall also be given by publication as the Court may direct, as soon after preliminary approval by the Court of the settlement as reasonably practical.  Class Plaintiffs' Co-Lead Counsel shall submit the proposed forms of notice to the Court for approval within fourteen (14) days of the entry of an order preliminarily approving this settlement.  Class Plaintiffs shall take all necessary and appropriate steps to ensure that notice is provided in accordance with the order of the Court.

a. The Settling Defendants agree to permit use of a maximum of seven hundred fifty thousand dollars ($750,000.00 USD) of the Settlement Fund towards Notice Costs and the costs of notice administration without further order from the Court. Any amounts expended in notice and notice administration expenses are not recoverable if this settlement does not become final or is terminated.

b. The Settling Defendants shall not have any obligations to provide any information or records in connection with the Class Plaintiffs' provision of notice to the Class pursuant to this paragraph.

c. In no event shall the Settling Defendants be responsible for giving notice of this settlement to members of the Class or for the administration of notice of the Settlement Fund, including but not limited to the expense and cost of such notice and notice administration, except insofar as provided in this paragraph.

d. Neither the Class Plaintiffs, Class Members, nor Class Counsel shall have any responsibility, financial obligation, or liability for any fees, costs or expenses related to providing notice of the Settlement to the Class or for any fees, costs or expenses related to the administration of notice of the Settlement.

5. <u>Motion for Entry of Final Judgment</u>. Class Plaintiffs shall submit, in a form mutually agreed upon by counsel for the Settling Defendants and Class Plaintiffs' Co-Lead Counsel, a motion for final approval of the settlement by the Court, after notice to the members of the Class of the Settlement Hearing, and shall seek entry of an order and final judgment, in the form attached hereto as **Exhibit B**:

a. fully and finally approving the settlement contemplated by this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms and conditions;

b. directing that the Actions be dismissed with prejudice as to the Settling Defendants and, except as provided for herein, without costs;

    c.   discharging and releasing the Released Parties from all Released Claims;

    d.   reserving continuing and exclusive jurisdiction over the settlement, including its administration; and

    e.   determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal of the Actions as to the Settling Defendants shall be final and appealable.

6.   <u>Exclusions</u>.  Any person seeking exclusion from the Class must file a timely written request for exclusion as provided in the notice to be approved by the parties and the Court pursuant to paragraph 4 hereof.

    a.   Any person that files such a request shall be excluded from the Class and shall have no rights with respect to this settlement.  A request for exclusion that does not comply with all of the provisions set forth in the approved notice, including but not limited to not containing all of the requested information (including but not limited to identification of the amount of the person or entity's purchases of potash during the Class Period and evidence thereof), not bearing the proper signature, being sent to an address other than the one designated, or not being sent within the time specified, will be invalid, and the person(s) or entity serving such an invalid request shall be deemed Class Member(s) and shall be bound by this Settlement Agreement upon Final Approval.

    b.   Class Plaintiffs' Co-Lead Counsel shall immediately forward complete copies of all requests for exclusion, as they are received, to counsel for the Settling Defendants.  Further, Class Plaintiffs' Co-Lead Counsel shall, within ten (10) business days after the Court-ordered deadline for timely requests for exlusion from the Class, cause to be provided to counsel for the Settling Defendants a list of those Class Members who have timely excluded themselves from the Class.

    c.   With respect to any potential Class member who validly requests exclusion from the Class, the Settling Defendants reserve all of their legal rights and defenses,

9

including but not limited to, any defenses relating to whether the excluded Class member is an indirect purchaser of potash and/or has standing to bring any claim against the Settling Defendants.

d. Settling Defendants shall have the option to terminate this Settlement Agreement, and thus prevent the entry of the Order and Final Judgement, in accordance with the provisions set forth in a a separate supplemental agreement, dated January 30, 2013 (the "Supplemental Agreement"), the provisions of which are incorporated by reference as if fully set forth herin, if the criteria specified in the Supplemental Agreement are met. Absent an order or other direction from the Court, the Supplemental Agrement will not be filed with the Court unless and until either: (i) a dispute among the parties concerning its interpretation or application arises, and in that event it shall be, to the greatest extent allowable by law and/or the Court, filed and maintained with the Court under seal; or (ii) the Court otherwise orders the Supplemental Agreement disclosed.

7. <u>Settlement Consideration and Payment.</u> Within twenty (20) days of the Court's entry of an order preliminarily approving the settlement, and in full, complete, and final settlement of the Actions as provided herein, the Settling Defendants agree to pay the Class seventeen million five hundred thousand dollars ($17,500,000.00 USD), by depositing said amount into the Escrow Account. In the event that the foregoing date falls on a Saturday, Sunday, or U.S. or Canadian bank holiday, the payment will be made on the next business day. The payment shall be made by wire transfer in immediately available funds. For the avoidance of doubt, the Settling Defendants shall not be entiled to any reversion of any funds in the event of Final Approval of the Settlement.

8. <u>Escrow Account.</u> The Escrow Account will be established at a banking institution chartered pursuant to the National Bank Act, to be determined by Class Plaintiffs' Co-Lead Counsel subject to the reasonable approval of the Settling Defendants, with such Bank serving as Escrow Agent subject to escrow instructions mutually acceptable to Class Plaintiffs' Co-Lead

Counsel and Settling Defendants. Such Escrow Account is to be administered under the Court's continuing supervision and control.

a. *Investment of Settlement Fund.* All payments into the Escrow Account, less Escrow Agent fees, shall when made, be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively, by Moody's Investor Services and Standard & Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates. The Settling Defendants shall have no responsibility for, or liability in connection with, the investment of the Settlement Fund.

b. *Custody of the Court.* All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement.

c. *Qualified Settlement Fund.* The Escrow Account is intended by the parties hereto to be treated as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end the parties hereto shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. In addition, the Escrow Agent shall timely make such elections as necessary to carry out the provisions of this paragraph, including but not limited to a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and

11

properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

d. *Taxes and Tax Expenses.* For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated there under, the "Administrator" of the Escrow Account shall be the Escrow Agent, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Escrow Account (including without limitation all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)). All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Escrow Account being a QSF within the meaning of Treas. Reg. § 1.468B-1.

    i. The Escrow Agent shall be solely responsible for taking out of the Settlement Fund, as applicable and when legally required, any tax payments, including estimated taxes, interest and penalties due, on income earned by the Settlement Fund as well as any expenses and costs incurred in connection with the operation and implementation of the terms of this paragraph 7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing of distribution costs and expenses relating to filing (or failing to file) the refunds described herein). Any such amounts shall be paid out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither the Settling Defendants nor any of the other Released Parties shall be responsible for

> or have any liability in connection with such payments or actions taken by the Escrow Agent.

  ii.  Other than as specifically set forth herein, Settling Defendants shall have no responsibility or liability for the payment of taxes or tax expenses. Further, the Settling Defendants shall have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the settlement does not become final or is terminated and the Settlement Fund is returned to the Settling Defendants.

  iii.  If for any reason, for any period of time, Settling Defendants are required to pay taxes on income earned by the Escrow Account, the Escrow Agents shall, upon written instructions from the Settling Defendants with notice to Class Plaintiffs' Co-Lead Counsel, timely pay to the Settling Defendants sufficient funds to enable it to pay all taxes (state, federal, or other) on income earned by the Escrow Account.

  e.  If this Settlement Agreement does not receive Final Approval, then all amounts paid by Settling Defendants into the Escrow Account shall be returned to the Settling Defendants in accordance with paragraph 16 herein.

9.  <u>Distribution of the Settlement Fund.</u>  The Settlement Fund shall be distributed to Class Members in accordance with a plan of allocation to be approved by the Court; provided that no part of the Settlement Fund, other than the Notice Costs and notice administration costs pursuant to paragraph 4 hereof, and any taxes and tax expenses pursuant to paragraph 8 hereof, shall be distributed until Final Approval has occurred. The Settling Defendants shall not have any  responsibility for, or liability in connection with, the distribution of the Settlement Fund.

10.  <u>All Claims Satisfied by Settlement Fund.</u>  Each Class Member shall look solely to the Settlement Fund for settlement and satisfaction, as provided herein, of all claims released by the Class pursuant to paragraphs 14 and 15 hereof.  Except as provided by order of the Court

pursuant to this Settlement Agreement, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

11.     All Expenses Paid from Settlement Fund.  Other than the Settlement Fund, the Settling Defendants shall not be liable for any of the costs or expenses of the litigation of the Actions or of this settlement, including but not limited to those (a) of any of the Class Plaintiffs' or Class Members' counsel, experts, consultants, agents, and representatives; (b) incurred in giving notice (except insofar as provided in paragraph 4(a) hereof); or (c) incurred in administering the settlement or distributing the Settlement Funds.

12.     Attorneys' Fees and Costs and Incentive Awards  The Settling Defendants agree that Class Counsel shall be entitled to such attorneys' fees and costs as the Court may award from the Settlement Fund.  The Settling Defendants agree to take no position on any application for attorneys' fees and costs.  All such fees and costs shall be paid only from the Settlement Fund.  Any attorneys' fees and costs paid to Class Counsel from the Settlement Fund shall be paid only to the extent awarded by the Court and only after the Effective Date.  The Settling Defendants shall not be liable for any costs or attorneys' fees of Class Counsel.  The Class Plaintiffs also may apply to the Court for incentive awards to the Class Plaintiffs in order to compensate them for the time they devoted to these Actions and for reimbursement of their expenses reasonably incurred in the prosecution of these Actions.  The amount of any such incentive awards approved by the Court may be withdrawn from the Settlement Fund only upon the occurrence of the Effective Date.

13.     Court Approval of All Disbursements and Distributions.  Except as otherwise provided herein, no disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.  Disbursements from the Settlement Fund may be made to pay administrative and/or past, current or future litigation costs, attorneys' fees, and such other disbursements as the Court shall authorize.  The Settling Defendants shall not have any liability or responsibility with respect to the disbursement, distribution and administration of the Settlement Fund.

14.  **Releases.**  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, in the event that this Settlement Agreement is approved by the Court after the Settlement Hearing, the Released Parties shall be released and forever discharged from all manner of claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that any of the Releasing Parties, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, relating in any way to any conduct related to, arising from, or described in the Actions up to the date of this Settlement Agreement on account of, arising out of, resulting from, or related to in any respect the subject of Class Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint, including without limitation, any such claims which have been asserted or could have been asserted in the Actions against the Settling Defendants or any one of them including, but not limited to, claims arising under federal or state antitrust, unfair competition, consumer protection, unfair practices, price discrimination, unitary pricing, trade practice, civil conspiracy law, or common law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.,* and the laws of each and every state, territory, and protectorate of the United States.  However, the Released Claims do not include claims based on any direct purchases of Potash from the Defendants.  The Releasing Parties covenant and agree that they, and each of them, will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action, or collecting from, seeking to recover from, or proceeding against the Released Parties in connection with any of the Released Claims. Class Plaintiffs and their counsel acknowledge that the Settling Defendants each consider it to be a material term of this Settlement Agreement that all members of the Class will be bound by the provisions of this paragraph 14.  Claimants on the Settlement Fund shall execute a release of the Released Parties in accord with the terms of this paragraph as a condition precedent to receipt of any part of the Settlement Fund, but the failure of any Claimant to execute such a release shall

not in any way affect the validity of the release provided in this paragraph 14 and they shall nonetheless be bound by the terms of such release. Class Plaintiffs' Co-Lead Counsel shall provide counsel for the Settling Defendants with copies of the releases referred to in this paragraph.

15. <u>Waiver of Rights.</u> In addition to the provisions of paragraph 14, each Class Member hereby expressly agrees that, upon Final Approval, it will waive and release with respect to the Released Claims that such Class Member has released pursuant to paragraph 14 hereof any and all provisions, rights, and benefits conferred either (a) by § 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor;

(b) by any law of any state or territory of the United States; or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code; or (c) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth in paragraph 14 hereof. Each Class Member may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims that such Class Member has released pursuant to paragraph 14 hereof, but each Class Member hereby expressly agrees that, upon Final Approval, it shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims that such Class Member has released pursuant to paragraph 14 hereof, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The release of unknown, unanticipated, and unsuspected losses or claims is contractual, and not a mere recital.

16. <u>Effect of Disapproval.</u> If the Court refuses, preliminarily or otherwise, to approve this Settlement Agreement or any part hereof, or if such approval is modified or set aside on

appeal, or if the Court does not enter the final judgment provided for in paragraph 5 hereof, or if the Court enters the final judgment and appellate review is sought and, on such review, such final judgment is not affirmed in its entirety, the Settling Defendants and Class Plaintiffs shall, at their sole discretion, each have the option to rescind, cancel, and terminate this Settlement Agreement (excepting paragraphs 20, 24 and 25 hereof) and the Settlement Fund (including any and all income earned thereon) and any other monies remaining in the Escrow Account shall be returned to the Settling Defendants, less only any taxes paid or owed on the earnings of the Settlement Fund and any Notice Costs or reasonable notice administration costs, within thirty (30) calendar days. The parties expressly reserve all of their rights if the settlement does not become final in accordance with the terms of this Settlement Agreement or if it is rescinded or terminated by either the Settling Defendants or Class Plaintiffs pursuant to this paragraph. Specifically, all negotiations and proceedings connected with this Settlement Agreement shall be without prejudice to the rights of any party hereto, shall not be deemed or construed to be an admission by any party of any fact or matter, and shall not be used in any way in the Actions or in any related actions or proceedings, or any other action or proceeding, unless the undersigned parties agree in writing to proceed with the settlement as and if modified by the Court.

Notwithstanding the foregoing, any modification or reversal on appeal of any award of attorneys' fees or expenses or of any plan of allocation of settlement proceeds among Class Members in the Actions shall not be deemed a modification of this Settlement Agreement or of a final judgment in these Actions. To the extent that any award of attorneys' fees or expenses is modified or reversed on appeal, the balance shall be returned to the Settlement Fund within thirty (30) days of such modification or reversal becoming final and not subject to further appellate review.

17. <u>Continuation of Petition for Writ of Certiorari.</u> On January 16, 2013, the Settling Defendants agreed to extend the time for Class Plaintiffs to respond to the petition for writ of certiorari in *Agrium Incorporated, et al. v. Minn-Chem, Incorporated, et al.*, No. 12-650 (U.S.), currently pending before the Supreme Court of the United States ("Petition") up to and including

February 22, 2013.  Subject to the provisions of this paragraph, Settling Defendants hereby agree to accede to additional extensions of time for Class Plaintiffs every ninety (90) days thereafter, or for such shorter or longer periods as the parties hereto may agree and the Supreme Court may grant, up to and including September 23, 2013.  If the Effective Date has not occurred on or before September 23, 2013, or any previously-requested extensions are denied, the parties will jointly move the Supreme Court to defer action on the Petition until the Effective Date ("Joint Motion to Defer").  If the Supreme Court denies the Joint Motion to Defer, the parties agree to refer the issue of further action respecting the Petition to Magistrate Judge Denlow (Ret.) for consideration and resolution.  As part of that referral process, Magistrate Judge Denlow shall consider all of the factors and circumstances existing at the time of the denial of the Joint Motion to Defer, including without limitation, the nature of any appeals then pending which are preventing the Effective Date from occurring, and shall confer with counsel for each of the parties prior to rendering his decision.  The parties agree that Magistrate Judge Denlow's decision on the course of action to be taken following a denial of the Joint Motion to Defer shall be binding on the parties.  Notwithstanding the foregoing, Settling Defendants shall withdraw the Petition with respect to Class Plaintiffs' claims in the Actions within five (5) business days after the Effective Date of this Settlement Agreement.  If for any reason the Supreme Court of the United States issues a ruling or decision in this matter, any such ruling or decision shall have no effect on this Settlement, and shall not provide Settling Defendants or Class Plaintiffs with any basis to rescind, cancel, or terminate this Settlement Agreement.

18.     Deferral of the Pending Motion to Dismiss.  On January 30, 2013, the parties will file a joint motion before the Court asking it to defer ruling on the Settling Defendants' motion to dismiss Class Plaintiffs' Corrected Second Amended Consolidated Class Action Complaint, filed November 28, 2012 (Dkt. 452) pending Final Approval.

19.     Correction of Discovery Ruling.  As contemplated by the Court and the parties during the January 14, 2013 status conference before Magistrate Judge Mary Rowland, on January 30, 2013, the parties will file a joint motion before Magistrate Judge Rowland, seeking a

modification of the Court's December 21, 2012 Discovery Order (Dkt. 479) to reflect accurately the nature and scope of the Settling Defendants' ESI search obligations under the terms of that Order.

20.     **Resolution of Disputes; Retention of Jurisdiction.**   Any disputes between or among the Settling Defendants and any Class Member or Class Members concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court.   The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement.

21.     **Binding Effect.**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.   Without limiting the generality of the foregoing, each and every covenant and agreement herein by the Class Plaintiffs and their counsel shall be binding upon all Class Members and Releasing Parties.

22.     **Authorization to Enter Settlement Agreement.**   The undersigned representative of the Settling Defendants covenants and represents that each such representative is fully authorized to enter into and to execute this Settlement Agreement on behalf of the respective Settling Defendants.   Class Plaintiffs' Co-Lead Counsel represent that they are fully authorized on behalf of the Class Plaintiffs and their counsel to conduct settlement negotiations with defense counsel and to enter into, and to execute, this Settlement Agreement on behalf of the Class.

23.     **Notices.**   All notices under this Settlement Agreement shall be in writing.   Each such notice shall be given either by (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express, UPS, or similar overnight courier and in the case of either (a), (b), or (c) shall be addressed, if directed to any Class Plaintiff or Class Member, to Class Plaintiffs' Co-Lead Counsel at their addresses set forth on the signature pages hereof, and if directed to the Settling Defendants, to their representative(s) at the addresses set forth on the signature pages hereof, or such other address as Class Plaintiffs' Co-Lead Counsel or the Settling Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.   Copies of all notices under this Settlement Agreement

may, at the notifying party's option, be transmitted by email to the appropriate parties. Providing a copy by email shall only be in addition to, and not a substitute for, the formal notice mechanisms provided for in (a), (b), or (c) of this paragraph.

24.    <u>No Admission.</u>  Whether or not this Settlement Agreement becomes final or is terminated pursuant to paragraph 6(d) or paragraph 16 hereof, the parties expressly agree that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by any of the Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

25.    <u>Confidentiality of Settlement Negotiations.</u>    Absent a Court order, Class Plaintiffs' Co-Lead Counsel and Class Counsel shall keep strictly confidential and not disclose to any third party, including specifically any counsel representing any other current or former party to the Actions, any non-public information regarding the parties' negotiation of this settlement and/or this Settlement Agreement.  For the sake of clarity, information contained within this Settlement Agreement shall be considered public.

26.    <u>Intended Beneficiaries.</u>  No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity that is not one of the Class Plaintiffs, a Class Member, one of the Released Parties, or Class Counsel.  No Class Plaintiff, Class Member,

or Class Counsel may assign or otherwise convey any right to enforce any provision of this Settlement Agreement.

27.     No Conflict Intended.  Any inconsistency between this Settlement Agreement and the exhibits attached hereto shall be resolved in favor of this Settlement Agreement.  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

28.     No Party is the Drafter.  None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

29.     Amendment; Waiver.  This Settlement Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

30.     Execution in Counterparts.  This Settlement Agreement may be executed in counterparts.  Facsimile or emailed .pdf signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Court.

31.     Integrated Agreement.  This Settlement Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by the parties hereto, and is not subject to any condition not provided for herein.

32.     Plan of Allocation.  Class Plaintiffs' Co-Lead Counsel shall be responsible for establishing a plan of allocation.  Such plan of allocation will be submitted to the Court for approval within fourteen (14) days of the entry of an order preliminarily approving the instant settlement.  The Settlement Fund (minus all costs and expenses associated with notice to the

21

Class, all attorneys' fees, reasonable claims administration expenses, taxes and all other expenses or charges approved by the Court) shall be distributed as ordered by the Court. The Settling Defendants shall have no responsibility for implementing the plan of allocation and the approval, disapproval, or modification of any proposed plan of allocation shall not affect the preliminary or final approval of the Settlement or enforceability of this Settlement Agreement.

*[Signatures Appear on the Following Page]*

Dated: January 30, 2013

_Marvin A. Miller_ (signature)

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400
mmiller@millerlawllc.com


_Christopher Lovell / man with permission_ (signature)

Christopher Lovell
LOVELL STEWART HALEBIAN JACOBSON LLP
61 West Broadway, Suite 501
New York, NY  10006
Telephone: (212) 608-1900
CLovell@lshllp.com

**Class Plaintiffs' Co-Lead Counsel**


Richard G. Parker (rparker@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
rparker@omm.com

James M. Pearl
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Ste. 700
Los Angeles, CA 90067
(310) 553-6700
jpearl@omm.com

Patrick M. Collins
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
pcollins@perkinscoie.com

**Counsel for Agrium Inc. and Agrium
U.S., Inc.**


Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, NW
Washington, DC
Telephone:  (312) 263-3000
Facsimile:  (312) 263-3300
rfavretto@mayerbrown.com

**Counsel for The Mosaic Company n/k/a
MOS Holdings Inc. and Mosaic Crop
Nutrition, LLC**


Daniel E. Reidy
Michael Sennett
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
(312) 782-3939
dereidy@jonesday.com
msennett@jonesday.com

**Counsel for Potash Corporation of
Saskatchewan Inc. and PCS Sales (USA),
Inc.**

23

Dated: January 30, 2013

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400
mmiller@millerlawllc.com

Christopher Lovell
LOVELL STEWART HALEBIAN JACOBSON LLP
61 West Broadway, Suite 501
New York, NY  10006
Telephone: (212) 608-1900
CLovell@lshllp.com

**Class Plaintiffs' Co-Lead Counsel**

Richard G. Parker (rparker@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
rparker@omm.com

James M. Pearl
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Ste. 700
Los Angeles, CA 90067
(310) 553-6700
jpearl@omm.com

Patrick M. Collins
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
pcollins@perkinscoie.com

**Counsel for Agrium Inc. and Agrium U.S., Inc.**

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, NW
Washington, DC
Telephone:  (312) 263-3000
Facsimile:  (312) 263-3300
rfavretto@mayerbrown.com

**Counsel for The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC**

Daniel E. Reidy
Michael Sennett
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
(312) 782-3939
dereidy@jonesday.com
msennett@jonesday.com

**Counsel for Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc.**

Dated: January 30, 2013

_____
Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  (312) 332-3400
mmiller@millerlawllc.com


_____
Christopher Lovell
LOVELL STEWART HALEBIAN JACOBSON LLP
61 West Broadway, Suite 501
New York, NY  10006
Telephone: (212) 608-1900
CLovell@lshllp.com

**Class Plaintiffs' Co-Lead Counsel**


_____
Richard G. Parker (rparker@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
rparker@omm.com

James M. Pearl
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Ste. 700
Los Angeles, CA 90067
(310) 553-6700
jpearl@omm.com

Patrick M. Collins
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
pcollins@perkinscoie.com

**Counsel for Agrium Inc. and Agrium
U.S., Inc.**


_____
Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, NW
Washington, DC
Telephone:  (312) 263-3000
Facsimile:  (312) 263-3300
rfavretto@mayerbrown.com

**Counsel for The Mosaic Company n/k/a
MOS Holdings Inc. and Mosaic Crop
Nutrition, LLC**


_____
Daniel E. Reidy
Michael Sennett
JONES DAY
77 West Wacker Drive
Chicago, IL  60601-1692
(312) 782-3939
dereidy@jonesday.com
msennett@jonesday.com

**Counsel for Potash Corporation of
Saskatchewan Inc. and PCS Sales (USA),
Inc.**

Dated: January 30, 2013

---

Marvin A. Miller
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

---

Christopher Lovell
LOVELL STEWART HALEBIAN JACOBSON LLP
61 West Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
CLovell@lshllp.com

**Class Plaintiffs' Co-Lead Counsel**

---

Richard G. Parker (rparker@omm.com)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300
rparker@omm.com

James M. Pearl
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Ste. 700
Los Angeles, CA 90067
(310) 553-6700
jpearl@omm.com

Patrick M. Collins
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603
(312) 324-8400
pcollins@perkinscoie.com

**Counsel for Agrium Inc. and Agrium U.S., Inc.**

---

Britt M. Miller
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
bmiller@mayerbrown.com

Richard J. Favretto
MAYER BROWN LLP
1999 K Street, NW
Washington, DC
Telephone: (312) 263-3000
Facsimile: (312) 263-3300
rfavretto@mayerbrown.com

**Counsel for The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC**

---

Daniel E. Reidy
Michael Sennett
JONES DAY
77 West Wacker Drive
Chicago, IL 60601-1692
(312) 782-3939
dereidy@jonesday.com
msennett@jonesday.com

**Counsel for Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc.**

### Exhibit A to the Settlement Agreement

1.  *Kevin Gillespie, et al. v. Agrium Inc., et al.*, Case No. 08-CV-5253 (N.D. Ill.)

2.  *Gordon Tillman, et al. v. Agrium Inc., et al.*, Case No. 08-CV-5255 (N.D. Ill.)

3.  *Feyh Farm Co. and William H. Coacker Jr., et al. v. Agrium Inc., et al.*, Case No. 08-CV-5257 (N.D. Ill.)

<u>**Exhibit B to the Settlement Agreement**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| | ) | |
| IN RE POTASH ANTITRUST | ) | MDL Dkt. No. 1996 |
| LITIGATION (II) | ) | |
| ---------------------------------------------------- | ) | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL | ) | |
| INDIRECT PURCHASER ACTIONS | ) | **Hon. Ruben Castillo** |
| | ) | |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

       Class Plaintiffs, on behalf of themselves and the Class Members, and Defendants Agrium Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") entered into a Settlement Agreement to fully and finally resolve the Class's claims against the Settling Defendants and the other Released Parties.  On _____, 2013, the Court entered its Order granting preliminary approval of the proposed settlement and conditionally certifying the settlement class described therein ("Preliminary Approval Order").  Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class.  Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on _____, 2013.

       Having considered Class Plaintiffs' Motion for Final Approval of Proposed Settlement with the Settling Defendants, oral argument presented at the fairness hearing, and the complete records and files in this matter,

       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

       1.      This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and all Defendants.

2.     Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3.     The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via U.S. Mail to members of the Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *AG Ads, AG Professional* and *Crop Life* and through the set-up and maintenance of a case-specific website.   Proof that mailing and publication conformed to the Preliminary Approval Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process.  It provided due and adequate notice to the Class.

4.     The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.     Final approval of the settlement with the Settling Defendants is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6.     The settlement class conditionally certified by Order of this Court on _____, 2013 is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is comprised of "all persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 25, 2013.  The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees.  Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families"

7.     The persons and entities identified on Exhibit 1 hereto have timely and validly requested exclusion from the Class and, therefore, are excluded.  Such persons and entities are not included in or bound by this Order and Final Judgment.  Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

8.     The Actions, including but not limited to those listed on Exhibit A to the Settlement Agreement, and all Released Claims are hereby dismissed with prejudice and without costs.  The Releasing Parties are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Released Parties.  This dismissal applies only in favor of the Settling Defendants and the other Released Parties.  It is made without prejudice to any claims the Class may have against any other Defendant.

9.     The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into which the Settling Defendants have deposited a total of seventeen million five hundred thousand dollars ($17,500,000.00) as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

10.    This Order and Final Judgment does not settle or compromise any claims by Class Plaintiffs or the Class against other Defendants or other persons or entities other than the Settling Defendants and the other Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

11.    Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

12.    Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and costs made by Class Counsel; (d) any application for incentive awards for the  Class Plaintiffs; and (e) the distribution of the settlement proceeds to the Class Members.

3

13.     Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to the Settling Defendants.

**IT IS SO ORDERED.**

Dated: _____, 2013

_____
HON. RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

<u>Exhibit C to the Settlement</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| IN RE POTASH ANTITRUST LITIGATION (II) | ) ) ) | MDL Dkt. No. 1996 |
| ---------------------------------------------------- | ) | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL INDIRECT PURCHASER ACTIONS | ) ) ) | **Hon. Ruben Castillo** |

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**
**<u>AND CERTIFYING SETTLEMENT CLASS</u>**

THIS MATTER coming to be heard on Indirect Purchaser Plaintiffs' Motion to Preliminarily Approve Settlement Of Their Claims With Defendants Agrium Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") And to Conditionally Certify A Settlement Class, And Approve Class Notice Program, filed January 30, 2013 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement (which is attached as Exhibit A to the Motion), the pleadings and other papers on file in this action, hereby finds the motion should be GRANTED, as set forth below:

**<u>Preliminary Approval of Settlement Agreement</u>**

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.  Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to

1

further consideration at a final approval hearing (the "Fairness Hearing"). The Court further finds there is a sufficient basis for notifying the class of the proposed settlement and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

### Class Certification

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 30, 2013. The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

3.     The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a)     The Settlement Class, which has well over 1,000 members and is geographically dispersed across the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy the numerosity requirement;

(b)     There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

(c)     Class Plaintiffs' and the Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d)     R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald

View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) have retained experienced counsel and do not have interests antagonistic to the class, so these Plaintiffs will fairly and adequately represent the Settlement Class and protect its interests; and

(e)     Common issues predominate over any individual issues affecting the members of the Settlement Class.

(f)     The Court also finds settlement of these Actions on a class basis superior to other means of adjudicating this matter.

**Appointment of Class Representatives and Counsel**

4.     The Court appoints plaintiffs R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) (collectively "Class Plaintiffs") as Class Representatives of the Settlement Class.

5.     The Court appoints Miller Law LLC and Lovell Stewart Halebian Jacobson LLP as Class Plaintiffs' Co-Lead Counsel for the Settlement Class, finding that the prerequisites of Rule 23(g) are fully satisfied by such appointment.

**Class Notice; Plan of Allocation; Final Approval and The Setting of Other Deadlines**

6.     Within fourteen (14) days of entry of this Order, Class Plaintiffs' Co-Lead Counsel shall submit to the Court a proposed form and program of notice agreed to by the parties, a proposed plan of allocation and a proposed schedule which includes the setting of a

Fairness Hearing and appropriate deadlines leading up to such Fairness Hearing (*e.g.*, timing of dissemination of notice of the Settlement to the Class, deadline for Class members to object or exclude themselves from the Settlement, etc.).

<u>**Other Provisions**</u>

7.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

8.      As of the date of the entry of this Order, Class Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action against the Settling Defendants based upon or related to the Release Claims pending Final Approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

9.      The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Class Plaintiffs' Co-Lead counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and Notice Costs, as set forth in the Settlement Agreement.

10.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Class Plaintiffs, the Settling Defendants, or the members of the Class.

11.      If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Class Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

4

12. The Class Plaintiffs and the Settling Defendants have agreed, and the Court so orders that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by any of the Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

13. The litigation against the Settling Defendants in the indirect purchaser actions is stayed except as provided for in the Settlement Agreement.

14. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

This ___ day of _____, 2013.

_____
HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE POTASH ANTITRUST | ) | MDL Dkt. No. 1996 |
| LITIGATION (II) | ) | |
| -------------------------------------------------- | ) | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL | ) | |
| INDIRECT PURCHASER ACTIONS | ) | **Hon. Ruben Castillo** |
| | ) | |

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**
**AND CERTIFYING SETTLEMENT CLASS**

THIS MATTER coming to be heard on Indirect Purchaser Plaintiffs' Motion to Preliminarily Approve Settlement Of Their Claims With Defendants Agrium Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") And to Conditionally Certify A Settlement Class, And Approve Class Notice Program, filed January 30, 2013 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement (which is attached as Exhibit A to the Motion), the pleadings and other papers on file in this action, hereby finds the motion should be GRANTED, as set forth below:

**Preliminary Approval of Settlement Agreement**

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.  Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at a final approval hearing (the "Fairness Hearing").  The Court further

1

finds there is a sufficient basis for notifying the class of the proposed settlement and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

### Class Certification

2.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 30, 2013.  The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees.  Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

3.     The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a)     The Settlement Class, which has well over 1,000 members and is geographically dispersed across the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy the numerosity requirement;

(b)     There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

(c)     Class Plaintiffs' and the Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d)     R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian

W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) have retained experienced counsel and do not have interests antagonistic to the class, so these Plaintiffs will fairly and adequately represent the Settlement Class and protect its interests; and

(e)     Common issues predominate over any individual issues affecting the members of the Settlement Class.

(f)     The Court also finds settlement of these Actions on a class basis superior to other means of adjudicating this matter.

### Appointment of Class Representatives and Counsel

4.     The Court appoints plaintiffs R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) (collectively "Class Plaintiffs") as Class Representatives of the Settlement Class.

5.     The Court appoints Miller Law LLC and Lovell Stewart Halebian Jacobson LLP as Class Plaintiffs' Co-Lead Counsel for the Settlement Class, finding that the prerequisites of Rule 23(g) are fully satisfied by such appointment.

### Class Notice; Plan of Allocation; Final Approval and The Setting of Other Deadlines

6.     Within fourteen (14) days of entry of this Order, Class Plaintiffs' Co-Lead Counsel shall submit to the Court a proposed form and program of notice agreed to by the parties, a proposed plan of allocation and a proposed schedule which includes the setting of a Fairness Hearing and appropriate deadlines leading up to such Fairness Hearing (*e.g.*, timing of

dissemination of notice of the Settlement to the Class, deadline for Class members to object or exclude themselves from the Settlement, etc.).

### Other Provisions

7.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

8.      As of the date of the entry of this Order, Class Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action against the Settling Defendants based upon or related to the Release Claims pending Final Approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

9.      The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Class Plaintiffs' Co-Lead counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and Notice Costs, as set forth in the Settlement Agreement.

10.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Class Plaintiffs, the Settling Defendants, or the members of the Class.

11.      If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Class Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

12.     The Class Plaintiffs and the Settling Defendants have agreed, and the Court so orders that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding.  Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by any of the Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

13.     The litigation against the Settling Defendants in the indirect purchaser actions is stayed except as provided for in the Settlement Agreement.

14.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

This ___ day of _____, 2013.

_____
HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| ———————————————— | ) | |
| IN RE POTASH ANTITRUST | ) | MDL Dkt. No. 1996 |
| LITIGATION (II) | ) | |
| ------------------------------------------------------- | ) | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL | ) | |
| INDIRECT PURCHASER ACTIONS | ) | **Hon. Ruben Castillo** |
| ———————————————— | ) | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

Class Plaintiffs, on behalf of themselves and the Class Members, and Defendants Agrium Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") entered into a Settlement Agreement to fully and finally resolve the Class's claims against the Settling Defendants and the other Released Parties.  On _____, 2013, the Court entered its Order granting preliminary approval of the proposed settlement and conditionally certifying the settlement class described therein ("Preliminary Approval Order").  Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class.  Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on _____, 2013.

Having considered Class Plaintiffs' Motion for Final Approval of Proposed Settlement with the Settling Defendants, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and all Defendants.

1

2.      Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3.      The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via U.S. Mail to members of the Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *AG Ads, AG Professional* and *Crop Life* and through the set-up and maintenance of a case-specific website.  Proof that mailing and publication conformed to the Preliminary Approval Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process.  It provided due and adequate notice to the Class.

4.      The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.      Final approval of the settlement with the Settling Defendants is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Class.  In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the settlement, and the result achieved.

6.      The settlement class conditionally certified by Order of this Court on _____, 2013 is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is comprised of "all persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 25, 2013.  The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees.  Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families"

7.      The persons and entities identified on Exhibit 1 hereto have timely and validly requested exclusion from the Class and, therefore, are excluded.  Such persons and entities are not included in or bound by this Order and Final Judgment.  Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

8.      The Actions, including but not limited to those listed on Exhibit A to the Settlement Agreement, and all Released Claims are hereby dismissed with prejudice and without costs.  The Releasing Parties are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Released Parties.  This dismissal applies only in favor of the Settling Defendants and the other Released Parties.  It is made without prejudice to any claims the Class may have against any other Defendant.

9.      The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into which the Settling Defendants have deposited a total of seventeen million five hundred thousand dollars ($17,500,000.00) as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

10.     This Order and Final Judgment does not settle or compromise any claims by Class Plaintiffs or the Class against other Defendants or other persons or entities other than the Settling Defendants and the other Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

11.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

12.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and costs made by Class Counsel; (d) any application for incentive awards for the  Class Plaintiffs; and (e) the distribution of the settlement proceeds to the Class Members.

13.     Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to the Settling Defendants.

**IT IS SO ORDERED.**

Dated: _____, 2013

_____
HON. RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

4