

<u>Exhibit D to the Settlement Agreement</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE POTASH ANTITRUST LITIGATION (II) | MDL Dkt. No. 1996 |
| | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS | Hon. Ruben Castillo |

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND APPROVING CLASS NOTICE PROGRAM

THIS MATTER coming to be heard on Direct Purchaser Plaintiffs' Motion to Preliminarily Approve Settlement Of Their Claims With Defendants Agrium, Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") And to Conditionally Certify A Settlement Class, And Approve Class Notice Program, filed January 30, 2013 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement (which is attached as Exhibit 1 to the Declaration Of Bruce L. Simon In Support Of Direct Purchaser Plaintiffs' Motion To Preliminarily Approve Settlement With The Agrium, Mosaic And PCS Defendants And To Approve Class Notice Program ("Simon Declaration")), the pleadings and other papers on file in this action, hereby finds the motion should be GRANTED, as set forth below:

### <u>Preliminary Approval of Settlement Agreement</u>

1.  This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel,

falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at a final approval hearing (the "Fairness Hearing"). The Court further finds there is a sufficient basis for notifying the class of the proposed settlement and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

### Class Certification

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons and entities who purchased Potash in the United States directly from one or more of the Settling Defendants, or from Defendants JSC Uralkali or JSC Silvinit or their affiliates including JSC Belarusian Potash Company, BPC Chicago L.L.C. and JSC International Potash Company, between July 1, 2003 and January 30, 2013. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

3. The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a) The Settlement Class, which has well over 1,000 members and is geographically dispersed across the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy the numerosity requirement;

(b) There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement, including, but not limited to:

- each Defendants' alleged role in the purported conspiracy;
- whether Defendants' alleged conduct violated Section 1 of the Sherman Act;
- whether Defendants' alleged conduct inflated the price of potash sold in the United States to allegedly supracompetitive levels; and,
- whether the Defendants shared non-public information, restricted potash output, or committed other conduct to further the alleged conspiracy;

(c) Class Plaintiffs' and the Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d) Gage's Fertilizer & Grain, Inc., Kraft Chemical Company, Minn-Chem, Inc., Shannon D. Flinn, Thomasville Feed & Seed, Inc. and Westside Forestry Services, Inc. d/b/a Signature Lawn Care have retained experienced counsel and do not have interests antagonistic to the class, so these Plaintiffs will fairly and adequately represent the Settlement Class and protect its interests;

(e) Common issues predominate over any individual issues affecting the members of the Settlement Class; and

(f) The Court also finds settlement of this Action on a class basis superior to other means of adjudicating this matter.

### Appointment of Class Representatives and Counsel

4. The Court appoints plaintiffs Gage's Fertilizer & Grain, Inc., Kraft Chemical Company, Minn-Chem, Inc., Shannon D. Flinn, Thomasville Feed & Seed, Inc. and Westside Forestry Services, Inc. d/b/a Signature Lawn Care (collectively "Class Plaintiffs") as Class Representatives of the Settlement Class.

5. The Court appoints Bruce L. Simon of Pearson, Simon, Warshaw and Penny and W. Joseph Bruckner of Lockridge Grindal Nauen P.L.L.P. as Class Plaintiffs' Co-Lead Counsel for the Settlement Class, and Steven A. Hart of Segal, McCambridge, Singer & Mahoney as Liaison Counsel for the Settlement Class.

### Class Notice

6. The Court approves the form and contents of the long form of notice ("Notice") and the Summary Notice ("Summary Notice") attached as Exhibit 1.C to the Simon Declaration.

7. The Court finds that taken together, mailing of the Long Form of Notice, publication of the Summary Notice, and Internet postings of the Long Form of Notice, are (i) the

3

best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise settlement class members of the proposed settlement and their right to object or to exclude themselves from the proposed settlement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States and any other applicable requirements under federal law.

8. Notice to members of the Settlement Class, except statutory notice required to be given by Defendants pursuant to 28 U.S.C. § 1715, shall be the responsibility of Class Counsel. The Court also appoints KCC Class Action Services LLC ("KCC") as Claims Administrator. The Claims Administrator shall provide notice of the class settlement as provided herein.

9. The Claims Administrator shall cause the Notice to be mailed by first class mail, postage prepaid, on or about **March 1, 2013** to all members of the Settlement Class whose names and addresses can be derived from electronic information produced by Settling Defendants. The Notice shall be provided to all persons who request them in response to the published Summary Notice provided for in Paragraph 10 herein. The Claims Administrator is hereby directed to cause a Summary Notice to be published, between **February 20 and April 10, 2013**, on one occasion in *AG Ads, AG Professional* and *Crop Life* and through the set-up and maintenance of a case-specific website. At or before the Final Approval Hearing, Class Counsel or KCC as the notice administrator, shall file evidence of the publication of class notice.

10. The reasonable costs of notification to Settlement Class members, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Amount.

### Final Approval

11. Class Plaintiffs' Co-Lead Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement and plan of allocation on or before **June 5, 2013**. In addition, Class Plaintiffs' Co-Lead Counsel shall file with the Court and

serve on the parties their motion for attorneys' fees, costs, and incentive awards to Class Plaintiffs by **April 22, 2013**.

12. The Court will hold a hearing (the "Fairness Hearing") on June 12, 2013, at 1:30 a.m., at the Everett McKinley Dirksen Courthouse, Courtroom 2141, 219 South Dearborn Street, Chicago IL 60604, to determine the fairness, reasonableness, and adequacy of the proposed settlement with the Settling Defendants, to determine whether a final judgment should be entered thereon, whether to grant the motion of Class Plaintiffs' Co-Lead Counsel for attorneys' fees and costs on behalf of themselves and other plaintiffs' counsel, and whether to grant the motion of Class Plaintiffs' Co-Lead Counsel for incentive awards for Class Plaintiffs. Any member of the Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Hearing may be continued without further notice.

## Exclusion Rights and Procedure

13. Each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion—as detailed in the Notice—to the Claims Administrator no later **May 22, 2013**. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names used by such person or entity, and must be signed by the Class Member. Not later than 10 days after the deadline for exclusion, Class Plaintiffs' Co-Lead Counsel shall file with the Court a list of all persons and entities who have timely requested exclusion from the Settlement Class.

14. Except for those potential members of the Settlement Class who file a timely and proper request for exclusion, all others will be deemed members of the Settlement Class for all purposes under the Settlement Agreement. All members of the Settlement Class shall be bound by the Settlement Agreement and by all subsequent proceedings, orders, and judgments in this Action. No Settlement Class member who elects to opt out of the Settlement Class pursuant to these provisions will be entitled to relief under or be affected by the Settlement Agreement.

5

### Objections to the Settlement or to the Request for Attorneys' Fees and Expenses

15. Any Settlement Class member who has not requested exclusion from the Class and who wishes to object to the fairness, reasonableness or adequacy of this settlement or to the request for attorneys' fees and expenses must do so in writing, and must file the objection with the Clerk of the Court and serve all counsel listed in the Notice, no later **May 22, 2013**, of his/her/its intent to object. To object, the Settlement Class member must file and serve a statement of the objection as detailed in the Notice. Settlement Class members may so act either on their own or through any attorney hired at their own expense. Co-Lead Counsel and Counsel for Settling Defendants may file memoranda of law responding to any objections of members of the Settlement Class filed with the Court.

16. No person shall be entitled to contest the approval of the terms and conditions of the Settlement Agreement or the Final Order and Judgment requested therein except by filing and serving written objections in accordance with the provisions of this Order. Any member of the Settlement Class who does not submit a timely written objection in compliance with all of the procedures set forth in the Notice and this Order will be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

17. Any member of the Settlement Class who wishes to appear and be heard through counsel at the Fairness Hearing must have such counsel file a Notice of Appearance with the Clerk of the Court no later than May 29, 2013, and serve such Notice on Co-Lead Counsel and Counsel for Settling Defendants.

### Other Provisions

18. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

19. As of the date of the entry of this Order, Class Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action against the Settling Defendants based upon or related to the Release Claims pending Final

Approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

20. The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Plaintiffs' Co-Lead counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and Notice Costs, as set forth in the Settlement Agreement.

21. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Class Plaintiffs, the Settling Defendants, or the members of the Class.

22. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Class Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

23. The Class Plaintiffs and the Settling Defendants have agreed, and the Court so orders that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by any of the

Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

24. The litigation against the Settling Defendants in the direct purchaser actions is stayed except as provided for in the Settlement Agreement.

**IT IS SO ORDERED.**

This ___ day of January, 2013.

HON. RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE

8