

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE POTASH ANTITRUST LITIGATION (II) | MDL Dkt. No. 1996 |
| ———————————————— | No. 1:08-CV-6910 |
| THIS DOCUMENT RELATES TO ALL INDIRECT PURCHASER ACTIONS | Hon. Ruben Castillo |

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
AND CERTIFYING SETTLEMENT CLASS

THIS MATTER coming to be heard on Indirect Purchaser Plaintiffs' Motion to Preliminarily Approve Settlement Of Their Claims With Defendants Agrium Inc. and Agrium U.S., Inc. (the "Agrium Defendants"), The Mosaic Company n/k/a MOS Holdings Inc. and Mosaic Crop Nutrition, LLC (the "Mosaic Defendants"), and Potash Corporation of Saskatchewan Inc. and PCS Sales (USA), Inc. (the "PCS Defendants") (all, collectively, the "Settling Defendants") And to Conditionally Certify A Settlement Class, And Approve Class Notice Program, filed January 30, 2013 (the "Motion"), the Court having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement (which is attached as Exhibit A to the Motion), the pleadings and other papers on file in this action, hereby finds the motion should be GRANTED, as set forth below:

### Preliminary Approval of Settlement Agreement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at a final approval hearing (the "Fairness Hearing"). The Court further

1

finds there is a sufficient basis for notifying the class of the proposed settlement and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

## Class Certification

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons or entities who purchased potash indirectly for end use and not for resale from the Defendants in the United States during the period July 1, 2003 to January 30, 2013. The Class excludes Defendants, their parents, subsidiaries, affiliates, officers, directors, and employees and any alleged co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

3. The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a) The Settlement Class, which has well over 1,000 members and is geographically dispersed across the United States, is sufficiently numerous, and joinder is sufficiently impracticable, to satisfy the numerosity requirement;

(b) There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

(c) Class Plaintiffs' and the Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d) R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian

W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) have retained experienced counsel and do not have interests antagonistic to the class, so these Plaintiffs will fairly and adequately represent the Settlement Class and protect its interests; and

(e) Common issues predominate over any individual issues affecting the members of the Settlement Class.

(f) The Court also finds settlement of these Actions on a class basis superior to other means of adjudicating this matter.

### Appointment of Class Representatives and Counsel

4. The Court appoints plaintiffs R&M Kennedy Farms Partnership, Robert Briseno, Karin Salomon, Opal Brown, David Baier, Feyh Farms Company, Andrew E. Schwartz, Kevin Gillespie, Emerald View Vineyard, LLC, Ron Helstad, Mary Ellis, Ben Schkade, Bruce Owens, Judy Smith, Brian W. Buttars, Ben DiLorenzo, Marilyn Elizabeth Kay, Frank A. Rizzo, Roger Karrels, Gordon Michaels and Kliebenstein Acres, LLC (including its members Joe Kliebenstein and Thomas Kliebenstein) (collectively "Class Plaintiffs") as Class Representatives of the Settlement Class.

5. The Court appoints Miller Law LLC and Lovell Stewart Halebian Jacobson LLP as Class Plaintiffs' Co-Lead Counsel for the Settlement Class, finding that the prerequisites of Rule 23(g) are fully satisfied by such appointment.

### Class Notice; Plan of Allocation; Final Approval and The Setting of Other Deadlines

6. Within fourteen (14) days of entry of this Order, Class Plaintiffs' Co-Lead Counsel shall submit to the Court a proposed form and program of notice agreed to by the parties, a proposed plan of allocation and a proposed schedule which includes the setting of a Fairness Hearing and appropriate deadlines leading up to such Fairness Hearing (*e.g.*, timing of

dissemination of notice of the Settlement to the Class, deadline for Class members to object or exclude themselves from the Settlement, etc.).

## Other Provisions

7.  Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

8.  As of the date of the entry of this Order, Class Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action against the Settling Defendants based upon or related to the Release Claims pending Final Approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

9.  The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1. The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account. Class Plaintiffs' Co-Lead counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses and Notice Costs, as set forth in the Settlement Agreement.

10. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Class Plaintiffs, the Settling Defendants, or the members of the Class.

11. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Class Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

12. The Class Plaintiffs and the Settling Defendants have agreed, and the Court so orders that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding. Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by any of the Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

13. The litigation against the Settling Defendants in the indirect purchaser actions is stayed except as provided for in the Settlement Agreement.

14. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

IT IS SO ORDERED.

This ___ day of January, 2013.

_____
HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE