## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE: POTASH ANTITRUST LITIGATION (II) | MDL Docket No. 1996 |
|  | Case No. 08-cv-6910 (Consolidated with 08-cv-5635) |
| THIS DOCUMENT APPLIES TO: | The Honorable Ruben Castillo |
| ALL DIRECT PURCHASER ACTIONS |  |

### [PROPOSED] ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

The Court has considered whether the proposed partial settlement of the above-referenced litigation (the "Action") should be finally approved. The parties have presented to the Court the Settlement Agreement between Direct Purchaser Plaintiffs Gage's Fertilizer & Grain, Inc., Kraft Chemical Company, Minn-Chem, Inc., Shannon D. Flinn, Westside Forestry Services, Inc. d/b/a Signature Lawn Care, and Thomasville Feed & Seed, Inc. (collectively, "DPPs"), and Defendants JSC Uralkali ("Uralkali") and the company formerly known as JSC Silvinit ("Silvinit," and together with Uralkali, the "Settling Defendants"), dated September 20, 2012, (the "Settlement Agreement").

The Court has considered (1) whether the proposed Settlement Agreement was fairly and honestly negotiated; (2) whether material issues of law and fact exist, making uncertain the ultimate outcome of the Action; (3) whether the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties to the settlement and their respective counsel that the settlement is fair and reasonable. Having held a hearing on the fairness of the proposed Settlement Agreement at which any objectors to the settlement could appear, and being fully advised in the premises, the Court finds:

1.     Notice of the proposed Settlement Agreement has been given to the Settlement Class in accordance with ¶ 9 of the Settlement Agreement.  This notice complied with the requirements of Fed. R. Civ. P. 23, satisfied the requirements of 28 U.S.C. § 1715 and Due Process, is the best notice practicable under the circumstances, and constituted due and sufficient notice of the settlement, the Final Approval Hearing, and other matters referred to in the Notice.

2.     No Settlement Class Members have requested exclusion from the Settlement Class.

3.     Class Counsel and Counsel for Settling Defendants, after extensive factual investigation and discovery, have engaged in arm's-length and lengthy good faith negotiations, and these negotiations have resulted in the proposed settlement as set forth in the Settlement Agreement.

4.     Class Counsel have represented to the Court that in their experience and judgment they believe this settlement to be fair, reasonable, and adequate.

5.     No Settlement Class Members have objected to the Settlement Agreement.

6.     In this Action, DPPs contend that the Defendants conspired to fix, raise, and maintain the price of potash sold into the United States at supracompetitive rates in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Along with the Settling Defendants, DPPs named as Defendants JSC Belarusian Potash Company and BPC Chicago L.L.C. (collectively "BPC"), and JSC International Potash Company ("IPC"), affiliated distributors for the Settling Defendants.  DPPs allege they and other members of the Settlement Class were injured by paying overcharges as a result of Defendants' conspiracy.  Settling Defendants deny these allegations and deny liability generally.  There are substantial grounds for difference of opinion regarding these issues of liability and remedies.  The proposed Settlement Agreement constitutes

2

a resolution of those issues that is fair, reasonable, and adequate to members of the Settlement Class.

7.      The Settlement Agreement provides that Settling Defendant Uralkali will pay $10,000,000 in U.S. dollars to the Settlement Fund, and such amount was paid. Settling Defendants also agreed to cooperate with DPPs by providing proffers of facts, documents, and witness interviews and testimony regarding the allegations in the DPPs' Amended Consolidated Class Action Complaint (filed July 27, 2009, ECF No. 142) ("Complaint"), as described in the Settlement Agreement. Such cooperation was under way when DPPs reached a settlement with the remaining defendants.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms. All terms in this Order have the same meaning ascribed to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over DPPs, all Class Members and Defendants.

3.      The Court confirms certification of the Settlement Class, described as:

> All persons and entities who purchased potash in the United States directly from one or more of the Settling Defendants, or their affiliates BPC or IPC, or from Non-Settling Defendants between July 1, 2003 and September 20, 2012. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, all governmental entities, and any judge or justices assigned to hear any aspect of this action.

4.      All persons within the definition of the Settlement Class, as defined in this Order, other than those specifically excluded from the Settlement Class by the class definition, are hereby determined to be the "Settlement Class Members."

5.      Upon entry of this Order and Judgment, the Settlement Class Members, and all and each of them, are hereby bound by the terms and exclusive remedies set forth in the Settlement Agreement as to claims against the Settling Defendants, BPC, IPC, and the other "Releasees" defined in the Settlement Agreement.[1]

6.      As consideration for the payments and other terms of the Settlement Agreement, all claims by DPPs and Settlement Class Members in MDL Docket No. 1996 against the Settling Defendants, BPC and IPC are dismissed with respect to the claims asserted in the Complaint. Those claims are dismissed with prejudice, and except as provided in the Settlement Agreement, without costs. However, all claims against all other Defendants in this Action shall survive and shall not be impaired or dismissed.

7.      The DPPs and all Settlement Class Members, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing (collectively, "Releasors") shall be conclusively deemed to have released and discharged the Releasees from liability arising out of the claims concerning potash that are the subject of the Complaint up to September 20, 2012, including but not limited to any conduct alleged, and causes of action asserted or that

---

[1]  For this order and judgment, and for the Settlement Agreement, "Releasees" refers to (i) Uralkali and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, Fertexim Ltd., Uralkali Trading SA, Uralkali Trading (Gibraltar) Ltd. and UKT Chicago, and (ii) Silvinit, and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, IPC, and all of its respective past and present, direct and indirect, parents, subsidiaries, and (iii) JSC Belarusian Potash Company and all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, BPC Chicago, LLC and RUE PA Belaruskali; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" does not include any Defendant in the Action other than the Settling Defendants, BPC and IPC.

4

could have been alleged or asserted, in any class action complaints filed in the Action, other than for claims for product defect or personal injury or breach of contract arising in the ordinary course of business ("Released Claims").

8. The Releasors retain any and all claims and causes of action against any and all other persons or entities not parties to or Releasees under the Settlement Agreement, but such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-party against the Releasees, as this provision is solely intended to preserve a Releasor's ability to seek relief against the non-parties and non-releasees to this Settlement Agreement.

9. The Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that those persons who are members of the Class are so numerous that joinder is impracticable, that there are issues of law or fact common to the Class, that the claims of the DPPs are typical of the Class, and that DPPs and Class Counsel have fairly and adequately represented the interests of the members of the Class in enforcing their rights in the Action. The Court also finds that under Rule 23(b)(3) of the Federal Rules of Civil Procedure, questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the subject matter of the Action.

10. Based upon the evidence submitted by Co-Lead Counsel, this Court finds that the form of and method of dissemination of the notice, as previously approved by the Court, to all members of the Class, was adequate and reasonable and constituted the best notice practicable under the circumstances.

11.     The Court also finds that the notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and any other applicable law, and constituted due and sufficient notice of the matters set forth therein.

12.     The proposed dismissal with prejudice and Settlement Agreement are, in all respects, approved as fair, reasonable and adequate, meet the requirements of due process, and are in the best interests of the Class, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, the arm's-length negotiation of experienced counsel, and the reasonableness of the recovery herein considering the range of possible recovery and the attendant risks of litigation. The parties are directed to consummate the Settlement and dismissal with prejudice of Settling Defendants, BPC and IPC, in accordance with the terms and provisions of the Settlement Agreement.

13.     No Settlement Class Member shall recover, directly or indirectly, any sums for claims released by operation of this Settlement Agreement, including but not limited to Released Claims, from Releasees, other than sums received under this Settlement Agreement, and Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Settlement Agreement.

14.     In consideration of the Settlement and other good and sufficient consideration, Releasors are hereby permanently barred and permanently enjoined from filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in or receiving any benefits from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively

6

or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have against any of the Settling Defendants or other Releasees on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to the Released Claims. Releasors shall further and conclusively be deemed to have waived the rights afforded by California Civil Code §1542 and any other statute or law, or principle of common law, of any other jurisdiction which is similar, comparable, or equivalent to Cal. Civ. Code §1542, against any of the Settling Defendants or other Releasees. The Court finds that issuance of this injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action. The Court finds no bond is necessary for issuance of this injunction.

15.     Any award to Class Counsel for fees and reimbursement of expenses shall be made by separate order after the Court has considered any application or applications for such fees and expenses submitted by Class Counsel.

16.     Consummation of the settlement shall proceed as described in the Settlement Agreement. The Court shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by DPPs and Settling Defendants. In the event of a breach by a Settling Defendant or a Settlement Class Member under the Settlement Agreement, the Court may exercise all equitable powers over Settling Defendants or such Class Member to enforce the Settlement Agreement and the final order and judgment irrespective of the availability or adequacy of any remedy at law.

Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

17. Neither the Settlement Agreement nor this Final Judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Settling Defendants, BPC, IPC (or the other Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Settling Defendants, BPC, IPC (or the other Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out the Settlement Agreement by any of the Settling Defendants shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce the Settlement Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

18. In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any appellate court, then the Court's certification of the Settlement Class shall be automatically vacated and this order for final judgment shall be rendered null and void, and in such event, all orders entered and releases delivered in connection therewith shall be null and void.

8

19.     The Court finds there is no just reason to delay entry of judgment pursuant to this order within the meaning of Fed. R. Civ. P. 54(b).  Accordingly, final judgment of dismissal as to the Settling Defendants, BPC and IPC shall be entered forthwith.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: __6/6__, 2013

THE HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT COURT