# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: POTASH ANTITRUST LITIGATION (II) | MDL Docket No. 1996 |
| | Civil No. 1:08-cv-06910 |
| THIS DOCUMENT APPLIES TO: | The Honorable Ruben Castillo |
| ALL DIRECT PURCHASER ACTIONS | |

### ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS

This Court, having considered Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (the "Motion") and memorandum in support thereof, after a duly noticed hearing, hereby finds that:

1. The Motion seeks an award of attorneys' fees of $30,000,000, representing one-third of the $90,000,000.00 Settlement Funds that comprise the settlement payments paid into escrow by all Settling Defendants. Class Counsel for Direct Purchaser Plaintiffs also seek an order awarding $791,124.63 in expenses incurred during the pendency of this action that were not previously requested and awarded. Finally, the Motion seeks an incentive award of $15,000.00 for each Class Representative.

2. The amount of attorneys' fees requested is fair and reasonable under the percentage-of-the-fund method, which is confirmed by a lodestar "cross-check."

3. The attorneys' fees requested were entirely contingent upon a successful outcome for the Class. The risk undertaken by Class Counsel was significant, especially considering the lack of any related government proceedings, the complex legal theories advanced in the case, the vigorous defense by experienced defense counsel, the lengthy appellate proceedings, and the

proposed novel discovery methodology.

4. In addition to risking time and effort, Class Counsel advanced substantial costs and expenses in connection with the prosecution of the litigation for the benefit of the Class with no guarantee of compensation.

5. An award of one-third of the Settlement Funds is reasonable and warranted for the reasons set forth in Direct Purchaser Plaintiffs' Memorandum in Support of their Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (the "Memorandum"), including, but not limited to, the following: the outstanding result obtained for the Class – payment by Defendants of $90,000,000 in cash; the quality of work product and quantity of work performed by Class Counsel, including extensive motion practice, substantial discovery efforts, mediation, and appellate practice, all involving complex issues of fact and law that were zealously litigated since 2008; and the risks faced throughout the litigation, which existed from the outset and continued until the ultimate settlement of the case.

6. Therefore, upon consideration of the Motion and accompanying Memorandum, and based upon all matters of record in this action, the Court hereby finds that: (1) the requested attorneys' fees are warranted and just; (2) the requested expenses were necessary, reasonable, and proper; and (3) the requested class representative incentive awards are justified.

Having considered Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Class Counsel are awarded attorneys' fees in the amount of $30,000,000 or one-third of the Settlement Funds of $90,000,000.

2. Class Counsel are awarded $791,124.63 as remuneration for their unreimbursed

costs and expenses incurred during the course of the litigation.

3. The Following Class Representatives shall each receive $15,000.00 as incentive awards: Gage's Fertilizer & Grain, Inc., Kraft Chemical Company, Minn-Chem, Inc., Shannon D. Flinn, Thomasville Feed & Seed, Inc., and Westside Forestry Services, Inc. d/b/a/ Signature Lawn Care.

4. The awarded attorneys' fees, reimbursed expenses, and incentive awards shall be paid from the Settlement Funds.

5. The awarded attorneys' fees and reimbursed expenses shall be equitably distributed among Class Counsel by Co-Lead Counsel in a good-faith manner that in Co-Lead Counsel's judgment reflects each individual Class Counsel's contribution to the institution, prosecution, and resolution of the litigation.

6. The Court finding no just reason for delay, this Order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

This 12th day of June, 2013.

_____
HONORABLE RUBEN CASTILLO
UNITED STATES DISTRICT JUDGE