

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: POTASH ANTITRUST LITIGATION | MDL Docket No. 1996 |
| | No. 08-C-6910 |
| *THIS DOCUMENT APPLIES TO:* | |
| *ALL INDIRECT PURCHASER ACTIONS* | Judge Ruben Castillo |

## ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT AS TO SETTLING DEFENDANTS

This matter having come before the Court for approval of a settlement of the above-captioned consolidated class action litigation (the "Action"), pursuant to this Court's December 11, 2012 Preliminary Order in Connection with Settlement Proceedings (the "Preliminary Order") concerning the Settlement Agreement between Indirect Purchaser Plaintiffs and Defendants JSC Uralkali ("Uralkali") and the company formerly known as JSC Silvinit ("Silvinit," and together with Uralkali, the "Settling Defendants"), dated September 20, 2012, (the "Settlement Agreement").

The Court has considered (1) whether the proposed Settlement Agreement was fairly and honestly negotiated; (2) whether material issues of law and fact exist, making uncertain the ultimate outcome of the Litigation; (3) whether the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties to the settlement and their respective counsel that the settlement is fair and reasonable. Having held a hearing on the fairness of the proposed Settlement Agreement at which any objectors to the settlement could appear, and being fully advised in the premises, the Court finds:

    1.    Notice of the proposed Settlement Agreement has been given to the Settlement Class in accordance with ¶ 9 of the Settlement Agreement.  This notice complied with the

requirements of Fed. R. Civ. P. 23, satisfied the requirements of 28 U.S.C. § 1715 and Due Process, is the best notice practicable under the circumstances, and constituted due and sufficient notice of the settlement, the Final Approval Hearing, and other matters referred to in the Notice.

2.      Fifteen (15) Settlement Class Members have timely requested exclusion from the Settlement Class.

3.      Class Counsel and Counsel for Settling Defendants, after extensive factual investigation and discovery, have engaged in arm's-length and lengthy good faith negotiations, and these negotiations have resulted in the proposed settlement as set forth in the Settlement Agreement.

4.      Class Counsel have represented to the Court that in their experience and judgment they believe this settlement to be fair, reasonable, and adequate.

5.      No Settlement Class Members have filed objections to the Settlement Agreement.

6.      In this Action, Plaintiffs contend that the Defendants conspired to fix, raise, and maintain the price of potash sold into the United States at supra-competitive rates in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and various State laws alleged in Plaintiffs' Consolidated Amended Complaint. Along with the Settling Defendants, Plaintiffs named as Defendants JSC Belarusian Potash Company and BPC Chicago L.L.C. (collectively "BPC"), and JSC International Potash Company ("IPC"), affiliated distributors for the Settling Defendants. Plaintiffs allege they and other members of the Settlement Class were injured by paying overcharges as a result of Defendants' conspiracy. Settling Defendants deny these allegations and deny liability generally. There are substantial grounds for difference of opinion regarding these issues of liability and remedies. The proposed Settlement Agreement

constitutes a resolution of those issues that is fair, reasonable, and adequate to members of the Settlement Class.

7.    The Settlement Agreement provides that Settling Defendant Uralkali pay $2,750,000 in U.S. dollars to the Settlement Class.  Such amount has been deposited into the Settlement Fund.  Settling Defendants also agreed to cooperate with Indirect Purchaser Plaintiffs by providing proffers of facts, documents, and witness interviews and testimony regarding the allegations in the Indirect Purchaser Amended Consolidated Class Action Complaint (filed April 3, 2009, ECF No. 50) ("Complaint"), as described in the Settlement Agreement.  Such cooperation was under way when Plaintiffs reached a settlement with the remaining defendants.

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.  All terms in this Order have the same meaning ascribed to them in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over Plaintiffs, all Class Members and Defendants.

3.    The Court confirms certification of the Settlement Class, described as:

> All persons or entities who purchased Potash or product which contain Potash, for end use, indirectly from one of the Defendants in the United States between July 1, 2003 and September 20, 2012 and in the following states: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New

Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming. The Class excludes Defendants, and their parents, subsidiaries, affiliates, officers, directors, and employees and any co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state, or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

4.    Also excluded from the Class are persons or entities, if any, who requested exclusion as listed on Exhibit 1 hereto. All persons within the definition of the Settlement Class, as defined in this Order, other than those specifically excluded from the Settlement Class by the class definition, and those who have timely requested exclusion from the Settlement Class, are hereby determined to be the "Settlement Class Members."

5.    Upon entry of this Order and Judgment, the Settlement Class Members, and all and each of them, are hereby bound by the terms and exclusive remedies set forth in the Settlement Agreement as to claims against the Settling Defendants, BPC, IPC, and the other "Releasees" defined in the Settlement Agreement.[1]

---

[1] For this order and judgment, and for the Settlement Agreement, "Releasees" refers to (i) Uralkali and to all of its respective past and present, direct, indirect, parents, subsidiaries, and affiliates, including, but not limited to, Fertexim Ltd., Uralkali Trading SA, Uralkali Trading (Gibraltar) Ltd. and UKT Chicago, and (ii) Silvinit, and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, IPC and all of its respective past and present, direct and indirect, parents, subsidiaries, and (iii) JSC Belarusian Potash Company and all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including, but not limited to, BPC Chicago, LLC and RUE PA Belaruskali; the predecessors, successors and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Releasees" does not include any Defendant in the Litigation other than the Settling Defendants, BPC and IPC.

6.    As consideration for the payments and other terms of the Settlement Agreement, all claims by Plaintiffs and Settlement Class Members in MDL Docket No. 1996 against the Settling Defendants, BPC and IPC are dismissed with respect to the claims asserted in the Complaint.    Those claims are dismissed with prejudice, and except as provided in the Settlement Agreement, without costs.  However, all claims against all other Defendants in this Litigation shall survive and shall not be impaired or dismissed.

7.    The Plaintiffs and all Settlement Class Members, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing (collectively, "Releasors") shall be conclusively deemed to have released and discharged the Releasees from liability arising out of the claims concerning potash that are the subject of the Complaint up to September 20, 2012, including but not limited to any conduct alleged or asserted, in any class action complaints filed in the Action, other than for claims for product defect or personal injury or breach of contract arising in the ordinary course of business ("Released Claims").

8.    The Releasors retain any and all claims and causes of action against any and all other persons or entities not parties to or Releasees under the Settlement Agreement, but such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-party against the Releasees, as this provision is solely intended to preserve a Releasor's ability to seek relief against the non-parties and non-releasees to this Settlement Agreement.

9. The Court further finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that those persons who are members of the Class are so numerous that joinder is impracticable, that there are issues of law or fact common to the Class, that the claims of the Plaintiffs are typical of the Class, and that Plaintiffs and their Interim Lead Counsel have fairly and adequately represented the interests of the members of the Class in enforcing their rights in the Action. The Court also finds that under Rule 23(b)(3) of the Federal Rules of Civil Procedure, questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the subject matter of the Action.

10. Based upon the evidence submitted by Lead Counsel, this Court finds that the form of and method of dissemination of the notice, as previously approved by the Court, to all members of the Class, was adequate and reasonable and constituted the best notice practicable under the circumstances.

11. The Court also finds that the notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and any other applicable law, and constituted due and sufficient notice of the matters set forth therein.

12. The proposed dismissal with prejudice and Settlement Agreement is, in all respects, approved as fair, reasonable and adequate, meets the requirements of due process, and is in the best interests of the Class, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, the arm's-length negotiation of experienced counsel, and the reasonableness of the recovery herein considering the range of possible recovery and the attendant risks of litigation. The parties are directed to

consummate the Settlement and dismissal with prejudice of Settling Defendants, BPC and IPC, in accordance with the terms and provisions of the Settlement Agreement.

13. No Settlement Class Member shall recover, directly or indirectly, any sums for claims released by operation of this Settlement Agreement, including but not limited to Released Claims, from Releasees, other than sums received under this Settlement Agreement, and Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of this Settlement Agreement.

14. In consideration of the Settlement and other good and sufficient consideration, Releasors are hereby permanently barred and permanently enjoined from filing, commencing, instituting, prosecuting, maintaining, intervening in, or participating in (either directly or indirectly, as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or other proceeding or order based on or relating in any way to, or otherwise asserting, any of the Released Claims, or the facts and circumstances relating thereto, against any of the Settling Defendants or the Releasees, and shall conclusively be deemed to have released and forever discharged as by an instrument under seal, any and all Released Claims whatsoever, including all unknown claims, against Settling Defendants and the other Releasees. In addition, all persons are hereby enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely requested exclusion from the Settlement Class, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims. Plaintiffs, and all other members of the Class who have not properly

excluded themselves from the Class, shall further and conclusively be deemed to have waived the rights afforded by California Civil Code §1542 and any other statute or law, or principle of common law, of any other jurisdiction which is similar, comparable, or equivalent to Cal. Civ. Code §1542. The Court finds that issuance of this injunction is necessary and appropriate in aid of the Court's jurisdiction over this Litigation. The Court finds no bond is necessary for issuance of this injunction.

15.     Any award to Class Counsel for fees and reimbursement of expenses shall be made by separate order after the Court has considered any application or applications for such fees and expenses submitted by Class Counsel.

16.     Consummation of the settlement shall proceed as described in the Settlement Agreement. Without in any way affecting the finality of this Final Judgment, the Court shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Settling Defendants. In the event of a breach by a Settling Defendant or a Settlement Class Member under the Settlement Agreement, the Court may exercise all equitable powers over Settling Defendants or such Class Member to enforce the Settlement Agreement and the final order and judgment irrespective of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance, contempt, and injunctive relief.

17.     Neither the Settlement, this Final Order and Judgment, nor the Stipulation, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a)     offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding, or of any alleged liability, fault, or wrongdoing of Settling Defendants, BPC, IPC or Releasees;

(b)     offered or received against Settling Defendants, BPC, IPC or Releasees as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant or Releasees, or against Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c)     offered or received against any Settling Defendant, BPC, IPC or Releasees as evidence of a presumption, concession, or admission of any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Agreement, in any other civil, criminal or administrative action or other proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that a Settling Defendant, BPC or IPC may file the Settlement Agreement or this Order for Final Judgment in any other action that may be brought against it related to civil potash price-fixing claims in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim.;

(d)     construed against any Settling Defendant, BPC, IPC or Releasees or Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or their counsel or any of them that any of the claims asserted in this Action are without merit or that damages are recoverable under the Complaint.

18.     Neither the Settlement Agreement nor this Final Order and Judgment, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be construed as an admission by any person or entity with regard to the merit or lack of merit of their claims in the Action.

19.     In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any appellate court, then the Court's certification of the Settlement Class shall be automatically vacated and this order for final judgment shall be rendered null and void, and in such event, all orders entered and releases delivered in connection therewith shall be null and void.

20.     The provisions of this Final Order and Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  The Clerk is hereby directed to enter Judgment in accordance with this Final Order and Judgment as a final judgment with respect to all matters ordered, judged and decreed.

21.     Entry of Judgment and final approval of the Settlement settles and disposes of and discharges all claims that have been asserted or could have been asserted in the Action only

against Settling Defendants and Releasees. Accordingly, final judgment of dismissal as to the

Settling Defendants, BPC and IPC shall be entered forthwith.

Dated: _____ 6/12 , 2013

Ruben Castillo
United States District Judge